(No. 84740

ALAN P. JACOBSON, Appellee, v. KNEPPER & MOGA, P.C., Appellant.

*Opinion filed December 31, 1998.*

HARRISON, J., took no part.

FREEMAN, C.J., dissenting.

Edward A. Burmila, Jr., of Burmila & Thomas, P.C., of Joliet, for appellant.

Richard J. Lofgren, of Ellison, Nielsen & Lofgren, P.C., of Chicago, for appellee.

.

JUSTICE NICKELS delivered the opinion of the court:

We are asked here to consider the issue of whether an attorney who has been discharged by his law firm employer should be allowed the remedy of an action for retaliatory discharge. We hold that an attorney may not maintain such an action.

## BACKGROUND

Plaintiff, Alan P. Jacobson, filed a one-count complaint in the circuit court of Cook County against the law firm of Knepper & Moga, P.C. (hereinafter, the firm), alleging that he had been wrongfully discharged in retaliation for reporting the firm's illegal practices to a principal partner of the firm. In his complaint, plaintiff made the following factual allegations. In July 1994, plaintiff was hired as an associate attorney of the firm. Shortly thereafter, plaintiff discovered that the firm was filing consumer debt collection actions in violation of the venue provisions of the Fair Debt Collection Practices Act (15 U.S.C. § 1692i(a)(2)(B) (1988)) and the Illinois Collection Agency Act (225 ILCS 425/9(20) (West 1994)). Plaintiff spoke with James Knepper, one of the firm's principal partners, regarding the filing practice and was advised that the matter would be remedied.

In April 1995, plaintiff was given the responsibility of reviewing and signing all complaints filed by the firm in consumer debt collection cases. In this role, plaintiff learned that the firm continued to file actions in violation of the venue provisions of the above-referenced acts. Plaintiff reiterated his complaint to Knepper, who again assured plaintiff that the practice would be corrected. Shortly thereafter, plaintiff was relieved of the responsibility to review and sign complaints in consumer debt collection cases. Less than three months later, plaintiff discovered that the firm had not ceased the practice of filing complaints in the improper venue. Plaintiff ap-

proached Knepper regarding the matter for a third time. Approximately two weeks later, plaintiff was terminated.

Plaintiff's complaint alleged that he had been discharged in retaliation for his insistence that the firm cease its practice of filing consumer debt collection actions in the wrong venue. The firm filed a motion to dismiss the action pursuant to section 2—615(a) of the Code of Civil Procedure (735 ILCS 5/2—615(a) (West 1994)). Citing *Balla v. Gambro, Inc.*, 145 Ill. 2d 492 (1991), and *Herbster v. North American Co. for Life & Health Insurance*, 150 Ill. App. 3d 21 (1986), in support of its motion, the firm argued that Illinois courts have refused to extend the tort of retaliatory discharge to employees who are licensed attorneys.

The circuit court denied defendant's motion to dismiss. However, the circuit court certified the following question of law for interlocutory appeal, pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

> "Do the holdings in [*Herbster*] and [*Balla*] prevent an attorney licensed to practice in the State of Illinois from maintaining a cause of action for the Tort of Retaliatory Discharge against his non-client law firm employer due to the pre-eminence of the Rules of Professional Conduct?"

The appellate court denied the firm's Rule 308 application for leave to appeal. The firm then filed a petition for leave to appeal to this court (166 Ill. 2d R. 315), which was denied. However, this court issued a supervisory order directing the appellate court to consider defendant's appeal on its merits (155 Ill. 2d R. 383). Subsequently, the appellate court held that plaintiff was not precluded from maintaining an action for retaliatory discharge against his employing firm. 293 Ill. App. 3d 565. We granted the firm's petition for leave to appeal. 166 Ill. 2d R. 315. We reverse.

## ANALYSIS

Generally, an employer may fire an employee-at-will

for any reason or no reason at all. *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 505 (1991); *Barr v. Kelso-Burnett Co.*, 106 Ill. 2d 520, 525 (1985). Nevertheless, this court has recognized the limited and narrow tort of retaliatory discharge as an exception to the general rule of at-will employment. *Balla v. Gambro, Inc.*, 145 Ill. 2d 492, 498-99 (1991), citing *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172 (1978). To establish a cause of action for retaliatory discharge, a plaintiff must demonstrate that (1) he was discharged in retaliation for his activities; and (2) the discharge is in contravention of a clearly mandated public policy. *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 35 (1994).

While there is no precise definition of what constitutes clearly mandated public policy, a review of Illinois case law reveals that retaliatory discharge actions are allowed in two settings. The first situation is when an employee is discharged for filing, or in anticipation of the filing of, a claim under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)). See *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill. 2d 526 (1988); *Kelsay*, 74 Ill. 2d 172. The second situation is when an employee is discharged in retaliation for the reporting of illegal or improper conduct, otherwise known as "whistle blowing." See, *e.g.*, *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124 (1981). Here, it is plaintiff's contention that the enactment of the provisions of the Fair Debt Collection Practice Act and the Illinois Collection Agency Act, violations of which are alleged in the complaint, articulate a clearly mandated public policy. Plaintiff argues that, because he alleged that he was terminated in retaliation for his reporting of the firm's violations of these acts, his complaint states a cause of action.

The tort of retaliatory discharge is a limited cause of action which "seeks to achieve ' "a proper balance *** among the employer's interest in operating a business ef-

ficiently and profitably, the employee's interest in earning a livelihood, and society's interest in seeing its public policies carried out." ' " *Balla*, 145 Ill. 2d at 501, quoting *Fellhauer*, 142 Ill. 2d at 507, quoting *Palmateer*, 85 Ill. 2d at 129. In this case, the public policy to be protected, that of protecting the debtor defendants' property and ensuring them due process, is adequately safeguarded without extending the tort of retaliatory discharge to employee attorneys.

Plaintiff was a licensed attorney at all times throughout this controversy and, as such, he was subject to the Illinois Rules of Professional Conduct (134 Ill. 2d Rs. 1.1 through 8.5). The firm's conduct of intentionally filing collection actions against debtors in a county in which it knows venue is improper clearly violates Rule 3.3 of the Rules of Professional Conduct. See 134 Ill. 2d R. 3.3(a)(1) (lawyer shall not make a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false); see also ISBA Op. No. 86—10 (March 27, 1987) (clear violation of rules of conduct for lawyer to file a complaint which pleads that venue is proper when lawyer knows venue is not appropriate under the statute). Further, the Rules of Professional Conduct prohibit a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. 155 Ill. 2d R. 8.4(a)(4). Because plaintiff possessed unprivileged knowledge that the firm engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, he was required to report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation. See 134 Ill. 2d R. 8.3(a); *In re Himmel*, 125 Ill. 2d 531, 541 (1988); ISBA Op. No. 89—9 (November 28, 1989).

Therefore, the attorney's ethical obligations serve to adequately protect the public policy established by the collection statutes. Because sufficient safeguards exist in

this situation, it is unnecessary to expand the limited and narrow tort of retaliatory discharge to the employee attorney. As this court has previously observed, "[a]n attorney's obligation to follow these Rules of Professional Conduct should not be the foundation for a claim of retaliatory discharge." *Balla*, 145 Ill. 2d at 505. Although plaintiff attempts to limit the application of *Balla* to in-house counsel, the *Balla* court based its decision "as much on the nature and purpose of the tort of retaliatory discharge, as on the effect on the attorney-client relationship that extending the tort would have." *Balla*, 145 Ill. 2d at 501. Attorneys employed by law firms have the same ethical obligations as those imposed upon in-house counsel.

Thus, we hold that plaintiff, as a licensed attorney employed as such by the defendant law firm, cannot maintain a cause of action for retaliatory discharge because the ethical obligations imposed by the Rules of Professional Conduct provide adequate safeguards to the public policy implicated in this case. The circuit court certified the question of whether an attorney licensed to practice in the State of Illinois is prevented from maintaining a cause of action for the tort of retaliatory discharge against his nonclient law firm employer due to the preeminence of the Rules of Professional Conduct. For the foregoing reasons, we answer the certified question in the affirmative. Accordingly, we reverse the judgments of the appellate and circuit courts and remand this cause with directions that defendant's motion to dismiss be granted.

*Certified question answered;*
*appellate court reversed;*
*circuit court reversed;*
*cause remanded with directions.*

JUSTICE HARRISON took no part in the consideration or decision of this case.

CHIEF JUSTICE FREEMAN, dissenting:

I respectfully dissent.

The majority concludes that an attorney's obligation to follow the Rules of Professional Responsibility should not be the foundation for a claim of retaliatory discharge. I note that, in resolving this issue, the majority relies primarily on our 1991 decision in *Balla v. Gambro, Inc.*, 145 Ill. 2d 492 (1991), which involved an in-house attorney's attempt to sue his corporate employer for retaliatory discharge after the attorney advised his employer that it failed to comply with certain federal regulations promulgated by the Federal Food and Drug Administration. I dissented in *Balla*, arguing, *inter alia*, that the court's confidence in the Rules' existence as a shield from an employer's illegal acts was unwise and misplaced. I warned then that the court's decision did "nothing to encourage respect for the law by corporate employers nor [did it] encourage respect by attorneys for their ethical obligations." *Balla*, 145 Ill. 2d at 516 (Freeman, J., dissenting). Seven years later, these concerns unfortunately still ring true, as the facts in this case sadly demonstrate. Nevertheless, my colleagues today now extend the *Balla* holding to law firms and their employee attorneys. Thus, one class of employees in this state, attorneys, has been stripped of a remedy which Illinois clearly affords to all other employees in such "whistle-blowing" situations. Today's opinion serves as yet another reminder to the attorneys in this state that, in certain circumstances, it is economically more advantageous to keep quiet than to follow the dictates of the Rules of Professional Conduct. For this reason, and the reasons expressed in my dissent in *Balla*, I would answer the certified question in the negative and would affirm the judgments of both the appellate and circuit courts.