SECOND DIVISION

February 10, 2004

 No. 1-03-0741

CHICAGO COMMONS ASSOCIATION,

Plaintiff-Appellee,

v.

DARRELL HANCOCK,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from

the Circuit Court

of Cook County

No. 02 M1 103834

       

Honorable

Leon Wool,

Judge Presiding.

JUSTICE CAHILL delivered the opinion of the court:

Chicago Commons Association (CCA) filed a lawsuit against its employee, Darrell Hancock, seeking reimbursement for overpaid wages.  CCA discharged Hancock shortly after he filed his appearance in the case.  Hancock brought a retaliatory discharge counterclaim against CCA that was dismissed under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2002)).  The trial court entered a finding under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), and Hancock appeals.  We affirm.

On January 22, 2002, CCA filed a two-count complaint against Hancock, alleging unjust enrichment and wrongful withholding of an overpayment in wages.  Hancock filed an appearance after receiving a summons and copy of the complaint.  On April 26, 2002, 15 days after Hancock filed his appearance, CCA terminated Hancock's employment.  Hancock filed a counterclaim, alleging he was wrongfully discharged in retaliation for defending against the lawsuit.

CCA moved to dismiss Hancock's counterclaim under section 2-615 of the Code, arguing Hancock failed to state a claim on which relief could be granted.  The trial court granted CCA's motion and found no just reason to delay enforcement or appeal of the order.  We review the trial court's order 
de novo
.  See 
Brandt v. Boston Scientific Corp.
, 204 Ill. 2d 640, 644-45, 792 N.E.2d 296 (2003).  

The issue we review is whether, after accepting all well-pled facts as true, the counterclaim stated a cause of action for retaliatory discharge.  See 
Weatherman v. Gary-Wheaton Bank of Fox Valley, N.A.
, 186 Ill. 2d 472, 491, 713 N.E.2d 543 (1999).

Our supreme court has restricted the common law tort of retaliatory discharge.  See 
Fisher v. Lexington Health Care, Inc.
, 188 Ill. 2d 455, 467, 722 N.E.2d 1115 (1999); 
Zimmerman v. Buchheit of Sparta, Inc.
, 164 Ill. 2d 29, 37-38, 645 N.E.2d 877 (1994).
  
Retaliatory discharge is a limited exception to the general rule that an at-will employee is terminable at any time for any or no cause.  
Geary v. Telular Corp.
, 341 Ill. App. 3d 694, 700, 793 N.E.2d 128 (2003).  To establish a cause of action for retaliatory discharge, a claimant must show: (1) he was discharged in retaliation for his activities; and (2) the discharge violated a clearly mandated public policy.  
King v. Senior Services Associates, Inc.
, 341 Ill. App. 3d 264, 267, 792 N.E.2d 412 (2003).  While there is no precise definition of a clearly mandated public policy, our supreme court has said:

"[P]ublic policy concerns what is right and just and what affects the citizens of the State collectively.  It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions. [Citation.]  Although there is no precise line of demarcation dividing matters that are the subject of public policies from matters purely personal, *** a matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." 
 
Palmateer v. International Harvester Co.
, 85 Ill. 2d 124, 130, 421 N.E.2d 876 (1981).

Illinois courts have allowed retaliatory discharge actions in two settings: (1) when an employee is discharged for filing, or in anticipation of the filing of, a claim under the Workers' Compensation Act (820 ILCS 305/1 
et seq
. (West 2002)); and (2) when an employee is discharged in retaliation for reporting illegal or improper conduct by the employer, otherwise known as "whistle-blowing."  
Jacobson v. Knepper & Moga, P.C.
, 185 Ill. 2d 372, 376, 706 N.E.2d 491 (1998).  Hancock does not argue his claim fits within either of these categories.  Rather, he asks that we create a third category that would allow an at-will employee who was discharged for complying with a summons in a wage dispute lawsuit to bring a retaliatory discharge action against his employer.

Hancock relies on 
Anderson v. Village of Oswego
, 109 F. Supp. 2d 930 (N.D. Ill. 2000).  The court
 allowed a retaliatory discharge action when the employee was fired because he obeyed a subpoena and testified against his employer.  
The court observed that under Illinois law, 
"there is really no telling what will be found to constitute a public policy sufficient to support a retaliatory discharge claim."  
Anderson
, 109 F. Supp. 2d at 934.  We respectfully disagree with this aspect of the court's analysis.  See 
Sundance Homes, Inc. v. County of Du Page
, 195 Ill. 2d 257, 276, 746 N.E.2d 254 (2001) (Illinois courts are not bound by federal cases interpreting state law
)
. 
 An action that violates public policy "must 
strike at the heart
 of a citizen's social rights, duties, and responsibilities before the tort will be allowed." 
 (Emphasis added.)  
Palmateer
, 85 Ill. 2d at 130.  While the supreme court has not tried to spell out all circumstances that meet this threshold, it is clear from the words the court has chosen that the threshold is high and the circumstances limited.

Regardless, 
Anderson
 does not stand for the proposition that an employee's compliance with a subpoena is a protected activity 
per se
.  The plaintiff in 
Anderson
 alleged he was discharged for obeying a subpoena and testifying against his employer in a lawsuit involving a contract dispute.  
Anderson
, 109 F. Supp. 2d at 934.  The court denied the defendant's motion to dismiss the plaintiff's complaint, finding that the plaintiff's testimony fell within the whistle-blower exception announced by our supreme court.  
Anderson
, 109 F. Supp. 2d at 934.

We reached a similar conclusion in 
Pietruszynski v. McClier Corp., Architects & Engineers, Inc.
, 338 Ill. App. 3d 58, 788 N.E.2d 82 (2003).  The plaintiffs there filed a retaliatory discharge action, alleging they were wrongfully discharged for complying with a subpoena and testifying on behalf of a coworker in a workers' compensation hearing.  
Pietruszynski
, 338 Ill. App. 3d at 60.  We found that the plaintiffs' participation in the workers' compensation hearing was a protected activity consistent with the public policy underlying the Workers' Compensation Act.  
Pietruszynski
, 338 Ill. App. 3d at 64.

The issue here is not simply whether Hancock's compliance with a court summons is a protected activity, but whether, in looking at the nature of the underlying action, Hancock's defense of the lawsuit is an activity that strikes at the heart of his social rights, duties and responsibilities.  It is clear that Hancock's defense of CCA's complaint does not implicate the two protected activities announced by our supreme court–an assertion under the Workers' Compensation Act or the reporting of illegal or improper conduct of an employer.  See 
Jacobson
, 185 Ill. 2d at 376.  We must therefore decide whether the facts of this case warrant an expansion of the common law tort of retaliatory discharge.

In 
McGrath v. CCC Information Services, Inc.
, 314 Ill. App. 3d 431, 731 N.E.2d 384 (2000), we considered whether an employee who was discharged after filing a lawsuit against his employer under the Illinois Wage Payment and Collection Act (820 ILCS 115/1 
et seq
. (West 1996)) could amend his complaint to include a claim for retaliatory discharge.  The underlying dispute involved conditional stock options and calculation of the employee's year-end bonus.  
McGrath
, 314 Ill. App. 3d at 435.  We found that the dispute was economic in nature and did not strike at the heart of the employee's social rights, duties and responsibilities.  
McGrath
, 314 Ill. App. 3d at 440.  "[The employee's] claim is more in the nature of a private and individual grievance insufficient to justify a claim of wrongful discharge."  
McGrath
, 314 Ill. App. 3d at 440.  See also 
Zientara v. Long Creek Township
, 211 Ill. App. 3d 226, 244, 569 N.E.2d 1299 (1991) (wage disputes are personal matters that do not involve clearly mandated public policy).

Kavanagh v. KLM Royal Dutch Airlines
, 566 F. Supp. 242 (N.D. Ill. 1983), concerned a dispute that arose when an employer threatened to deduct future wages of its employee based on an alleged overpayment.  The employee was discharged because he retained an attorney to represent him with respect to the dispute and threatened to file a lawsuit if the employer reduced his salary.  
Kavanagh
, 566 F. Supp. at 243-44.  The court dismissed the action, finding that an employee's retention of a lawyer and anticipated filing of a lawsuit over wages was not a protected activity that could give rise to a retaliatory discharge action.  
Kavanagh
, 566 F. Supp. at 244.

The underlying dispute here involves a wage dispute.  
Hancock has not cited, nor are we aware of, authority to support a finding that there is a clear mandate of public policy in our state favoring a person's right to defend against a lawsuit over wages.  To the contrary, based on our reading of 
McGrath
 and 
Kavanagh
, we find that Hancock's right to defend against CCA's complaint is nothing more than an economic right and does not strike at the heart of Hancock's social rights, duties and responsibilities.

Hancock alternatively argues that CCA's decision to fire him implicates the due process and equal protection clause of the Illinois Constitution.  Ill. Const. 1970, art. I, §2.  The due process and equal protection clause is designed to protect citizens from actions by the government and not by other citizens.  
Gayman v. Principal Financial Services, Inc.
, 311 F.3d 851, 853 (7th Cir. 2002).  CCA was not acting under the color of state law when it fired Hancock.  The fact that CCA invoked the powers of the court when it filed its complaint does not alter CCA's status as a private entity.

The judgment of the circuit court is affirmed.

Affirmed.

BURKE and GARCIA, JJ., concur.