775 N.E.2d 621 (2002)
333 Ill. App.3d 410
266 Ill.Dec. 781
Ronald BEA, Plaintiff-Appellant,
v.
BETHANY HOME, INC., Defendant-Appellee.
No. 3-01-0146.
Appellate Court of Illinois, Third District.
August 14, 2002.
*622 Phil Ramirez (argued), Rock Island, for Ronald Bea.
Peter C. Fieweger (argued), Katz, Huntoon & Fieweger, P.C., Rock Island, for Bethany Home, Inc.
Justice SLATER delivered the opinion of the court:
After plaintiff Ronald Bea was dismissed from his job, he filed a complaint for retaliatory discharge against his former employer, defendant Bethany Home, Inc. The complaint was dismissed by the trial court and plaintiff appeals from that dismissal. We affirm in part and reverse in part and remand for further proceedings.

Facts
Because plaintiff is appealing from the dismissal of his complaint for failure to state a cause of action pursuant to section 2-615(a) of the Code of Civil Procedure (735 ILCS 5/2-615(a) (West 2000)), we accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn from those facts. See Kolegas v. Heftel Broadcasting Corp., 154 Ill.2d 1, 180 Ill.Dec. 307, 607 N.E.2d 201 (1992). Bethany is a licensed provider of child care services. Plaintiff was employed by Bethany as a child care worker in Moline, Illinois, from 1984 to 1994. In 1993, Bethany suspended one of plaintiff's co-workers, Anthony Campagna, for alleged abuse of a child. Investigators for the Department of Children and Family Services (DCFS) notified Bethany that they wanted to speak to plaintiff, who had personal knowledge of the alleged incident of child abuse. Plaintiff told his supervisors at Bethany that the information provided by Bethany to DCFS concerning Campagna was false, and plaintiff was going to testify at an upcoming DCFS hearing on Campagna's behalf. Thereafter, in March of 1994, Bethany vice-president Thomas Gehlsen told plaintiff that he should find another job and plaintiff was given a negative employee evaluation.
In October of 1994 Bethany made a report to DCFS concerning an incident where plaintiff, while restraining a resident minor, allegedly caused severe rug burns to the child's face, requiring medical treatment. Plaintiff and two co-workers prepared reports concerning the incident *623 but Bethany failed to provide the reports to DCFS. In November of 1994, plaintiff told Bethany president Gary Ulrich that the October allegation of child abuse was false and plaintiff would testify that DCFS was not receiving true and complete information from Bethany. On December 6, 1994, plaintiff was fired based on a determination by DCFS that the October incident of alleged child abuse was "indicated."
Plaintiff filed a complaint for retaliatory discharge against defendant which, after a number of interlocutory rulings and various amendments, was dismissed by the trial court on January 26, 2001. At issue in this appeal are counts II, V, VI, VII and VIII of plaintiff's third amended complaint.

Analysis
As we indicated above, when reviewing the dismissal of a complaint for failure to state a cause of action, all well-pleaded facts and inferences drawn therefrom are accepted as true. Kolegas, 154 Ill.2d 1, 180 Ill.Dec. 307, 607 N.E.2d 201. Pleadings are to be liberally construed with a view to doing substantial justice between the parties (735 ILCS 5/2-603 (West 2000)), and the allegations of the complaint should be interpreted in the light most favorable to the plaintiff (Kolegas, 154 Ill.2d 1, 180 Ill.Dec. 307, 607 N.E.2d 201). The standard of review for a dismissal under section 2-615 is de novo. Neppl v. Murphy, 316 Ill.App.3d 581, 249 Ill.Dec. 736, 736 N.E.2d 1174 (2000); Stebbings v. University of Chicago, 312 Ill. App.3d 360, 244 Ill.Dec. 825, 726 N.E.2d 1136 (2000).
The tort of retaliatory discharge is a limited and narrow cause of action that stands as an exception to the general rule that an "at will" employee may be terminated at any time for any reason or no reason. Paskarnis v. Darien-Woodridge Fire Protection District, 251 Ill.App.3d 585, 191 Ill.Dec. 138, 623 N.E.2d 383 (1993); see Fellhauer v. City of Geneva, 142 Ill.2d 495, 154 Ill.Dec. 649, 568 N.E.2d 870 (1991). To establish a cause of action for retaliatory discharge, a plaintiff must show that: (1) he was discharged in retaliation for his activities; and (2) the discharge contravenes a clearly mandated public policy. Jacobson v. Knepper & Moga, P.C., 185 Ill.2d 372, 235 Ill.Dec. 936, 706 N.E.2d 491 (1998). Although there is no precise definition of what constitutes clearly mandated public policy, it
"concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions. [Citation.] Although there is no precise line of demarcation dividing matters that are the subject of public policies from matters purely personal, * * * a matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." Palmateer v. International Harvester Co., 85 Ill.2d 124, 130, 52 Ill.Dec. 13, 421 N.E.2d 876, 878-79 (1981).
A review of Illinois case law indicates that retaliatory discharge actions have been allowed under two circumstances: (1) when the employee has been fired for filing a claim for worker's compensation; or (2) where the employee is discharged in retaliation for reporting illegal or improper conduct, otherwise known as "whistle blowing." Jacobson, 185 Ill.2d 372, 235 Ill.Dec. 936, 706 N.E.2d 491. Plaintiff's claims are of the latter variety, and we will consider them individually, mindful that the tort of retaliatory discharge seeks to achieve a balance among the employer's interest in operating a business, the employee's interest in earning a living, and society's interest in seeing its *624 public policies carried out. Fellhauer, 142 Ill.2d 495, 154 Ill.Dec. 649, 568 N.E.2d 870.

Count II
Count II of plaintiff's third amended complaint alleges that plaintiff was discharged in retaliation for his anticipated testimony on behalf of Anthony Campagna. Plaintiff asserts that his discharge violated the public policy expressed in section 9.1 of the Abused and Neglected Child Reporting Act (Reporting Act), which provides:
"§ 9.1. Employer discrimination. No employer shall discharge, demote or suspend, or threaten to discharge, demote or suspend, or in any manner discriminate against any employee who makes any good faith oral or written report of suspected child abuse or neglect, or who is or will be a witness or testify in any investigation or proceeding concerning a report of suspected child abuse or neglect." (Emphasis added.) 325 ILCS 5/9.1 (West 2000).
Of course, merely citing a statutory provision in a complaint does not establish a cause of action for retaliatory discharge; "[t]he test for determining if the complaint states a valid cause of action is whether the public policy clearly mandated by the cited provision is violated by the plaintiff's discharge." Barr v. Kelso-Burnett Co., 106 Ill.2d 520, 527, 88 Ill.Dec. 628, 478 N.E.2d 1354, 1357 (1985). Applying this test requires determining what public policy underlies the particular statutory provision. Barr, 106 Ill.2d 520, 88 Ill.Dec. 628, 478 N.E.2d 1354.
In this case, section 9.1 of the Reporting Act prohibits an employer from discharging an employee who will be a witness in any proceeding concerning a report of suspected child abuse. This court has previously recognized that the Reporting Act has a dual purpose: to protect abused children and to protect alleged abusers from the damaging effects of erroneous or false reports. See Kemp-Golden v. Department of Children and Family Services, 281 Ill.App.3d 869, 217 Ill.Dec. 599, 667 N.E.2d 688 (1996); Shawgo v. Department of Children and Family Services, 182 Ill.App.3d 485, 131 Ill.Dec. 46, 538 N.E.2d 234 (1989); see also Stull v. Department of Children and Family Services, 239 Ill.App.3d 325, 179 Ill.Dec. 954, 606 N.E.2d 786 (1992). Plaintiff's claim that he was attempting to vindicate Campagna from a false child abuse report is clearly consistent with the public policy expressed in section 9.1 and in the Reporting Act as a whole. We therefore conclude that count II of plaintiff's complaint states a cause of action for retaliatory discharge.
Defendant asserts that our supreme court's decision in Fisher v. Lexington Health Care, Inc., 188 Ill.2d 455, 243 Ill. Dec. 46, 722 N.E.2d 1115 (1999), a case relied on by the trial court in dismissing the complaint, is controlling. We disagree. In Fisher, two nursing home employees sought damages for alleged retaliatory conduct by the nursing home after the employees cooperated with authorities investigating the death of a resident. The plaintiffs' one-count complaint purported to allege an implied private right of action under section 3-608 of the Nursing Home Care Act, which stated:
"A [nursing home facility] licensee or its agents or employees shall not transfer, discharge, evict, harass, dismiss, or retaliate against a resident, a resident's representative, or an employee or agent who makes a report under Section 2-106, brings or testifies in an action under Sections 3-601 through 3-607, or files a complaint under Section 3-702, because of the report, testimony or complaint." 210 ILCS 45/3-608 (West 1996).
*625 The supreme court ruled that section 3-608 did not imply a private right of action because the Nursing Home Care Act was intended to protect nursing home residents, not employees. Therefore, the plaintiffs were not members of the class whom the Act was intended to protect, nor were their injuries of the type the statute was designed to prevent. The court also found that it was not necessary to imply a private right of action because a multitude of sanctions and remedies existed to accomplish the Act's goals. Fisher, 188 Ill.2d 455, 243 Ill.Dec. 46, 722 N.E.2d 1115.
Unlike the Nursing Home Care Act at issue in Fisher, the Reporting Act was intended to protect both abused children and those suffering from the effects of erroneous or false reports. See Kemp-Golden, 281 Ill.App.3d 869, 217 Ill.Dec. 599, 667 N.E.2d 688; Shawgo, 182 Ill. App.3d 485, 131 Ill.Dec. 46, 538 N.E.2d 234. In addition, it is important to recognize that Fisher was not a retaliatory discharge case; it was an "implied private right of action" case, which employs a different analysis. See Fisher, 188 Ill.2d at 460, 243 Ill.Dec. 46, 722 N.E.2d at 1117-18 (setting out four-factor test for implying private right of action). Although the Fisher court did refer to retaliatory discharge cases as "instructive," it pointedly noted that "this case does not involve the common law tort of retaliatory discharge." Fisher, 188 Ill.2d at 468, 243 Ill.Dec. 46, 722 N.E.2d at 1121. Two subsequent federal cases have recognized Fisher's inapplicability to a claim for retaliatory discharge. See Harris v. Bethesda Lutheran Homes, Inc., No. 99 C 50062, 2001 WL 877321 (N.D.Ill. Aug.3, 2001); Radimecky v. Mercy Health Care and Rehabilitation Center, No. 00 C 2889, 2000 WL 1644510 (Oct. 26, 2000); but see Fiumetto v. Garrett Enterprises, Inc., 321 Ill.App.3d 946, 255 Ill.Dec. 510, 749 N.E.2d 992, (2001) (applying Fisher to retaliatory discharge claim). We find that Fisher is both distinguishable from and inapplicable to this case.
[Editor's Note: Text omitted pursuant to Supreme Court Rule 23.]
For the reasons stated above, the judgment of the circuit court dismissing counts V and VIII of plaintiff's third amended complaint is affirmed. We reverse the dismissal of counts II, VI and VII and remand for further proceedings consistent with this order.
Affirmed in part and reversed in part; cause remanded.
BRESLIN and HOMER, J.J., concur.