No. 2--01--1444 

                                                                  

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

                                                                  

JANE DOE, ) Appeal from the Circuit

) Court of Du Page County.

Plaintiff-Appellant, )

)

v. ) No. 00--L--841

)

STEVEN DIMOVSKI, Indiv. and )

as Agent of Westmont Community )

Unit School District No. 201, )

and WESTMONT SENIOR HIGH SCHOOL, )

)

Defendants )

)

(Board of Education of Westmont ) Honorable

Community Unit School District ) Patrick J. Leston,

No. 201, Defendant-Appellee). ) Judge, Presiding.

___________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Jane Doe, appeals the judgment of the circuit court of Du Page County that dismissed certain counts of her complaint against defendant Board of Education of Westmont Community Unit School District Number 201 (the Board) pursuant to section 2--619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2--619(a)(9) (West 2000)).  Defendants Steven Dimovski, individually and as an agent of Westmont Community Unit School District No. 201, and Westmont Senior High School are not parties to the present appeal.  We reverse and remand the cause for further proceedings.

Plaintiff filed a complaint against defendants on February 15, 2000.  The suit stems from allegations of sexual abuse in which plaintiff alleges that, from November 1998 through May 1999, Dimovski, a teacher and varsity basketball coach at Westmont High School (Westmont), engaged in an inappropriate sexual relationship with plaintiff, who was under the age of 18 and a student of Westmont at the time.  Of relevance to the present appeal are counts V through VII of plaintiff's first amended complaint, which are directed against the Board and sound in negligence (count V), negligent infliction of emotional distress (count VI), and willful and wanton misconduct (count VII).

Count V of the complaint alleges that, before he initiated the inappropriate sexual relationship with plaintiff, Dimovski engaged in a course of inappropriate sexual harassment and abuse and made inappropriate sexual advances and statements to a female student under the age of 18 at Westmont, including expressing his desire to see the student naked, requesting that she perform a strip tease for him, and following her to her place of work and her residence, where the sexual harassment, advances, innuendo, and suggestion continued.  Count V further alleges that the female student and her mother provided this information before November 1998 to Jennifer Gliwa-Bell, an agent, servant, and employee of the Board, and Carole Wyrostek, also an agent, servant, and employee of the Board; that neither Gliwa-Bell nor Wyrostek undertook a thorough investigation of this complaint, informed anybody else of this complaint, undertook measures to prohibit Dimovski from engaging in this inappropriate behavior in the future, or contacted the Department of Children and Family Services (DCFS) about this complaint; and that the Board knew or should have known that Dimovski was engaging in inappropriate sexual conduct with another female student at Westmont and the Board's failure to properly handle this information ultimately led to and precipitated the commencement of the sexual abuse of plaintiff.

Count V further alleges that the Board owed a duty to its students to provide and employ appropriate educational services and  competent teachers and counselors and to safeguard its students from harmful conduct that might be undertaken by its teachers.  It also alleges that the Board breached these duties by, 
inter
 
alia
, failing to hire competent and adequately trained personnel; failing to undertake a thorough investigation into previous complaints of inappropriate sexual behavior leveled by a female student against Dimovski; failing to adequately supervise its agents, servants, and employees; allowing Dimovski to abuse his position of authority through a course of sexual abuse; and failing to notify DCFS about previous complaints of inappropriate sexual behavior involving Dimovski.  

In count VI, plaintiff alleges that the careless and negligent acts or omissions alleged in count V proximately caused injuries to plaintiff, including emotional distress.  In count VII, plaintiff alleges that the Board knew or should have known that its failure to properly investigate previous complaints of sexual indiscretions leveled against its teachers would likely and probably result in injury to its students, including plaintiff; that the Board knowingly and intentionally disregarded the substantial risk and danger that it knew or should have known would result; and that, by disregarding this knowledge of substantial risk posed by this conduct, the Board was guilty of willful and wanton misconduct in, 
inter
 
alia
, failing to thoroughly investigate these previous complaints of inappropriate behavior made against Dimovski.

On August 23, 2001, the Board filed a motion to dismiss plaintiff's complaint pursuant to section 2--615, asserting that plaintiff failed to sufficiently plead a cause of action.  The Board also filed a section 2--619(a)(9) motion to dismiss, arguing in the alternative that it was entitled to immunity based on sections 2--201 and 3--108 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2--201, 3--108 (West 2000)).  The trial court denied the Board's section 2--615 motion to dismiss, but granted the Board's section 2--619(a)(9) motion, finding that sections 2--201 and 3--108 of the Tort Immunity Act immunized the Board from liability.  Plaintiff timely appeals.

Immunity under the Tort Immunity Act is affirmative matter properly raised in a section 2--619(a)(9) motion to dismiss.  
Bubb v. Springfield School District 186
, 167 Ill. 2d 372, 378 (1995).  Where a cause of action has been dismissed pursuant to a section 2--619 motion, the questions on appeal are whether a genuine issue of material fact exists and whether the moving party is entitled to a judgment as a matter of law.  
Brown v. King
, 328 Ill. App. 3d 717, 721 (2001).  On appeal, review is 
de
 
novo
. 
 
Brown
, 328 Ill. App. 3d at 721.

Plaintiff first argues that the trial court erred in finding that section 2--201 of the Tort Immunity Act applied.  Section 2--201 gives governmental entities immunity from liability for injuries resulting from "the determination of policy or the exercise of discretion."  745 ILCS 10/2--201 (West 2000).  In order to obtain immunity under section 2--201, the particular act or omission sought to be immunized must be both discretionary and  involve a policy choice.  
Arteman v. Clinton Community Unit School District No. 15
,  198 Ill. 2d 475, 484 (2002).  Plaintiff contends that, once the Board was informed that its employee had sexually abused a female student, any discretion the Board may have had was removed by the requirement that the matter had to be reported to DCFS under the Abused and Neglected Child Reporting Act (Reporting Act) (325 ILCS 5/1 
et.
 
seq.
 (West 2000)).
  

The Reporting Act provides that school personnel "having reasonable cause to believe" a child known to them in their professional or official capacity may be an abused child "shall immediately report or cause a report to be made to [DCFS]."  325 ILCS 5/4 (West 2000).  The Illinois Administrative Code describes and categorizes specific harms that must be reported.  89 Ill. Adm. Code §300 app. B. (2002).  "Sexual exploitation" is defined as "[s]exual use of a child for sexual arousal, gratification, advantage or profit," including, but not limited to, "indecent solicitation of a child/explicit verbal enticement."  Ill. Adm. Code §300 app. B at 8 (2002).  Sexual exploitation is a "Priority I" harm, which generates the initiation of an immediate investigation by DCFS.  89 Ill. Adm. Code §300 app. B at 8 (2002).  Given the statute's mandatory language, we find in this case that 
the
 Board was divested of the exercise of discretion and the determination of policy based on 
the
 failure to report.  See 
Mueller v. Community Consolidated School District 54
, 287 Ill. App. 3d 337, 346 (1997)(section 2--201 did not grant school board immunity for failure to conduct required criminal background check); 
Munizza v. City of Chicago
, 222 Ill. App. 3d 50, 55 (1991)(immunity did not attach because local ordinance negated discretion).  

Relying on 
Doe I v. Board of Education of Consolidated School District 230 Cook County, Illinois
, 18 F. Supp. 2d 954 (N.D. Ill. 1998), the Board asserts that the reporter must determine first what constitutes "reasonable cause to believe" and second, whether such abuse likely occurred; reaching such a conclusion clearly entails the exercise of some degree of judgment and discretion.  In 
Doe I
, high school students sued a school district and school personnel, alleging that a teacher's sexual relationship with them resulted in numerous statutory violations, including the failure to report the alleged conduct.  The school personnel were aware of the "rumors" of the alleged sexual relationships, but the plaintiffs unequivocally denied them when 
the
 school conducted a preliminary investigation.  The court held that the statutory duty to report sexual abuse under the Reporting Act required some degree of judgment and discretion, and it concluded that section 2--201 of the Tort Immunity Act applied to the plaintiffs' claim based on the failure to report.  
Doe I
, 18 F. Supp. 2d at 961. 

We disagree with the notion that 
school personnel are vested with the discretion to determine what constitutes "reasonable cause to believe" or whether such abuse actually occurred.  The term "reasonable cause to believe" as used in the Reporting Act is equivalent to the term "suspect" as used in the Code of Federal Regulations (45 C.F.R. §1340.3-3(d)(2) (1977)).  1977 Ill. Att'y Gen. Op. 173.  The Reporting Act requires that a credible report of suspected child abuse must be turned over to DCFS.  DCFS is assigned the authority, or the discretion, to substantiate the accuracy of all reports of known or suspected child abuse or neglect.  325 ILCS 5/7.3 (West 2000).  Thus, once school personnel suspect or should suspect that a child may be sexually abused, they are divested of any discretion to determine what constitutes "reasonable cause to believe" or whether such abuse actually occurred.  If school personnel were allowed to determine whether reasonable cause existed or whether such abuse actually occurred before reporting the matter to DCFS, the goal of protecting children from sexual abuse would be undermined.  Although 
the
 school board may initially investigate 
the
 credibility of any rumors of sexual abuse, whether there was reasonable cause to report the allegations is an objective determination.  
For purposes of 
the
 Reporting Act
, the issue of whether school personnel have reasonable cause to report suspected allegations of abuse
 is determined by the objective belief of a reasonable person, not the school personnel's subjective belief.

In 
Doe I
, when the rumors of sexual abuse were denied by the plaintiffs themselves, there was no reason to suspect sexual misconduct.  Here, however, by virtue of the agents' first-hand knowledge when they were notified by the female student and her mother, the Board had constructive notice of the alleged sexual misconduct.  Thus, once the female student and her mother told Gliwa-Bell and Wyrostek that Dimovski sexually exploited the student, neither Gliwa-Bell nor Wyrostek had any choice but to report the suspected abuse to DCFS.  Also, 
the
 Board does not allege any facts that would have rendered 
the
 
allegations incredible at 
the
 time they were made.  Moreover, the Board could not exercise a judgment call as to any solution, as any policy choice would have been removed by the Reporting Act.  Accordingly, section 2--201 does not immunize the Board from liability for the failure to report.

Section 3--108(b) of the Tort Immunity Act excepts a public entity from liability for injuries "caused by a failure to supervise an activity on or the use of any public property."  745 ILCS 10/3--108(a) (West 2000).  Supervision has been defined to include not only passive oversight of an activity but also "direction, teaching, demonstration of techniques and-to some degree-active participation in an activity while supervising it." (Emphasis omitted.) 
Longfellow v. Corey
, 286 Ill. App. 3d 366, 370 (1997).  Such cases typically concern situations involving adult leaders overseeing after-school programs, lifeguards supervising swimming pools, and teachers supervising physical education classes.  
Capps v. Belleville School District No. 201
, 313 Ill. App. 3d 710, 716 (2000). 

The Board asserts that plaintiff's allegations involve aspects of supervising the monitoring of Dimovski's conduct with his students.  
Here
, 
the gravamen of plaintiff's complaint is
 based on 
the
 failure
 to report
.  Quite simply, the claim of 
the
 failure to report
 does not involve supervision.  We conclude that section 3--108 of the Tort Immunity Act does not apply to plaintiff's allegations. 

We acknowledge that, to some extent, every action taken by a local public entity could "boil down to" some aspect of discretion or supervision.  Moreover, some of 
plaintiff
's claims, if analyzed separately, might immunize 
the
 Board from liability
.
  
However, our decision that 
the
 Board is not immunized under sections 2--201 and 3--108 is limited to 
the
 claim of 
the
 failure to report.  Although her claim is limited to 
the
 failure to report, we note that it does not limit 
the amount of damages which plaintiff
 may claim
.

The Board argues alternatively that the pleadings are factually deficient as a matter of law.  Plaintiff contends that this argument was raised in the Board's section 2--615 motion to dismiss which was denied by the trial court and, therefore, the Board has waived this issue by failing to file a cross-appeal.

Ordinarily, when an appellee does not file a cross-appeal from a specific finding unfavorable to the appellee, the reviewing court will be confined to the issues presented by the appellant and will not consider the issues presented by the appellee; the appellee has waived the issue for not having effectively preserved it for review.  
Herron v. Anderson
, 254 Ill. App. 3d 365, 371 (1993).  We are mindful, however, that the Board's claim is an alternate argument, directed against a possible reversal of the judgment by this court, which is exactly what we have done.  "We do not see that any purpose would be served in requiring an appellee to file a cross-appeal in order to preserve conditional arguments against action which may be ordered by this court."  
Simmons v. Union Electric Co.
, 121 Ill. App. 3d 743, 761 (1984).  We therefore will consider the Board's argument. 

In analyzing allegations in the face of a section 2--615 motion, the court must accept as true all well-pleaded facts and all reasonable inferences to be drawn therefrom.  
Classic Hotels, Ltd. v. Lewis
, 259 Ill. App. 3d 55, 60 (1994).  

The Board first contends that count V of plaintiff's complaint fails to set forth sufficient facts to establish a negligent retention claim.  Because we limit our holding to 
the
 claim of failure to report, we need not address this issue.  We note, however, that 
plaintiff
's complaint does set forth sufficient facts
 
to establish negligence.  
Here, plaintiff's claim for negligence 
is based on: the prior inappropriate sexual conduct of Dimovski, which was known or should have been known by the Board, through its agents, Gliwa-Bell and Wyrostek, and the Board's subsequent failure to report
 
the inappropriate conduct, making it reasonably foreseeable that such conduct would recur.  We find that count V of the complaint sets forth sufficient facts to establish a claim for negligence
.

The Board next contends that the acts or omissions of Gliwa-Bell and Wyrostek were not a proximate cause of plaintiff's injuries.  The Board asserts that it is "pure speculation and conjecture to say that the way [Gliwa-Bell and Wyrostek] handled the prior incident makes [it] liable for [Dimovski's] sexual relations with plaintiff."  

Initially, we note that the Board appears to argue that the injury was not foreseeable.  Here, plaintiff has alleged sufficient facts to show that plaintiff's injury was reasonably foreseeable.  The Board's alleged knowledge of 
the
 alleged prior instances of sexual abuse by Dimovski with another female high school student made his similar behavior with plaintiff reasonably foreseeable.  The danger to female students in general was reasonably foreseeable given Dimovski's history of alleged sexual misconduct.  Put another way, absent the Board's alleged nonfeasance, the injury sustained by plaintiff likely would not
 have occurred.  Regardless, whether the Board should have reasonably anticipated these events presents a question of fact for the jury to determine that cannot be decided as a matter of law at the pleadings stage of the litigation.

The Board does not challenge the sufficiency of 
the
 allegations set forth in count VI, and we will not consider it in this appeal.  However, the Board next argues that plaintiff has not set forth sufficient facts in count VII to support a claim of willful and wanton misconduct.  To sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff.  
Burke v. 12 Rothschild's Liquor Mart, Inc.
, 148 Ill. 2d 429, 448 (1992).

In this case, count VII is premised upon willful and wanton misconduct stemming from the same set of operative facts underlying plaintiff's allegations of negligence set forth in count V.  Plaintiff alleges that the Board's failure to report, by and through its agents, showed an utter indifference to or conscious disregard for the safety of other students with whom Dimovski would come in contact because the Board knew or should have known that its failure would likely and probably result in future injury.  We agree with plaintiff that, under the circumstances, the failure to do anything upon learning of the sexual transgressions of a teacher with a student amounts to a conscious disregard for the safety of other female students with whom that teacher had daily contact.  Here, taking as true all well-pleaded allegations and the reasonable inferences to be drawn therefrom, it is clear that plaintiff's complaint sets forth sufficient willful and wanton allegations.

Finally, for the first time on appeal, the Board argues that it is entitled to immunity under section 24--24 of the School Code (105 ILCS 5/24--24 (West 2000)).  We find the Board has waived this issue for failing to raise it in its section 2--619 motion to dismiss.  See 
Western Casualty & Surety Co. v. Brochu
, 105 Ill. 2d 486, 500 (1985).

Based on the foregoing, the decision of the circuit court of Du Page County in dismissing plaintiffs' complaint pursuant to section 2--619 of the Code is reversed, and the cause is remanded for further proceedings consistent with this opinion. 

Reversed and remanded.

GROMETER and KAPALA, JJ., concur.