JOHN DOE 1, by his Mother and Next Friend, Tanya S., *et al.*, Plaintiffs-Appellants, v. NORTH CENTRAL BEHAVIORAL HEALTH SYSTEMS, INC., Defendant-Appellee (Kathy H. *et al.*, Defendants).

Third District    No. 3—03—0317

Opinion filed August 26, 2004.

Edward J. Kionka (argued), of Fairview Heights, and Jeff A. Green, of Janssen Law Center, of Peoria, for appellants.

Stephen A. Kolodziej (argued) and Amy Anderson (argued), both of Brenner, Ford, Monroe & Scott, Ltd., of Chicago, and Stephen M. Osborne, of Schweickert & Ganassin, of Peru, for appellee.

JUSTICE McDADE delivered the opinion of the court:

In this consolidated case from the circuit court of La Salle County, the plaintiffs appeal from the dismissal, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2002)), of all claims against defendant North Central Behavioral Health Systems, Inc.

The plaintiffs are four children who were sexually abused by David H., also a minor. The parents of the abused children brought suit against David H. and his parents, Kathy and Kenneth H., as well as against North Central Behavioral Health Systems (the Clinic), a psychological clinic that saw David as a patient. With respect to the Clinic, the suit alleged that while he was a patient at the clinic, David H. told his therapist that he was sexually abusing children in his apartment complex and that the Clinic failed to report the abuse to the Illinois Department of Children and Family Services (DCFS). The plaintiffs claimed that the Clinic owed a duty of care to the abused

children under the reporting provision of the Abused and Neglected Child Reporting Act (Reporting Act or Act) (325 ILCS 5/4 (West 2002)), which required it to inform the State of the abuse and to take steps to see that the abuse was stopped. The plaintiffs also asserted in the alternative that the Clinic owed a common law duty to the abused children and that it was negligent in not reporting or attempting to stop the abuse.

In its motion to dismiss, the Clinic asserted that the Reporting Act does not impose a duty to report the abuse of children with whom the Clinic has no direct contact or professional relationship. The Clinic also argued that no common law duty to protect could be imposed on the Clinic. The court granted the motion and dismissed the claims against the Clinic with prejudice. Because we agree that no cause of action lies against the Clinic, we affirm.

## ANALYSIS

The plaintiffs argue on appeal that the trial court erred in dismissing all claims for damages under both the Reporting Act and the common law. The defendant asserts that the Act does not authorize a private cause of action and the claim must be dismissed, and also, it asserts that it does not owe any common law duty to the abused children. The dismissal of the plaintiffs' claims under section 2—615 for failure to state a cause of action is reviewed *de novo*. *Bea v. Bethany Home, Inc.*, 333 Ill. App. 3d 410, 413, 775 N.E.2d 621, 623 (2002). In reviewing the complaint, the court must accept all well pleaded facts as true, the pleadings are to be liberally construed with a view to doing substantial justice between the parties, and the allegations of the complaint should be liberally construed in favor of the plaintiffs. *Bea*, 333 Ill. App. 3d at 413, 775 N.E.2d at 623.

## I. Reporting Act

### A. *Private Right of Action*

The Reporting Act does not expressly provide for a private cause of action in the event of a violation. The plaintiffs assert, however, that the case of *Doe v. Dimovski*, 336 Ill. App. 3d 292, 783 N.E.2d 193 (2003), supports the argument that a private action may be maintained. In that case, a student and parent sued the school district that employed a teacher who had sexually abused the student. The plaintiffs sued on a negligence theory, claiming that the school district had a duty to investigate the abuse and report it to the DCFS. The case did not directly address whether a private cause of action may be maintained under the Act. The court found that the plaintiff's claim could not be dismissed on the basis of section 2—201 of the Local

Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2—201 (West 2000)), since the Reporting Act did not allow the school district discretion in deciding whether to report suspected child abuse. *Dimovski*, 336 Ill. App. 3d at 297, 783 N.E.2d at 198. The fact that the case does not address the issue contested here, whether there exists a private right of action, limits its precedential value.

■ The law is clear regarding a private cause of action arising from a statute that does not explicitly provide one. A statute implies a private cause of action if: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injuries are those the statute was designed to prevent; (3) a private cause of action is consistent with the underlying purpose of the statute; and (4) implying a private cause of action is necessary to provide an adequate remedy for violations of the statute. *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 460, 722 N.E.2d 1115, 1117-18 (1999).

In a general sense, the plaintiffs are members of the class for whose benefit the Reporting Act was enacted. The statute has as one of its purposes the protection of abused children. *Bea*, 333 Ill. App. 3d at 414, 775 N.E.2d at 624. Similarly, the injuries sustained by the plaintiffs, a result of sexual abuse, are the kind the statute was designed to prevent. 325 ILCS 5/2 (West 2002). However, as discussed below in Part I(B), the children do not fall within the somewhat limited definition of "abused children" contained in the statute.

It is not as clear whether a private remedy is consistent with the underlying purpose of the statute as a whole. The Act is designed to enhance the ability of the DCFS to "protect the health, safety, and best interests of the child in all situations in which the child is vulnerable to child abuse or neglect." 325 ILCS 5/2 (West 2002). Nowhere is it either explicitly stated or implied that a purpose of the Reporting Act is to provide children or families with compensation for sexual abuse or a failure to report abuse. The plaintiffs argue that the finding of an implied private cause of action for a failure to report would lead to enhanced enforcement of the Act. The same argument could be made of almost any statute. What the plaintiff fails to present is any evidence that the statute does not already adequately serve its purpose, absent a private cause of action. It may be said that a private cause of action is not *inconsistent* with the purpose of the Act, since it may provide extra incentive for compliance, but as discussed below, the statute already includes an adequate mechanism for enforcement.

Finally, an implied private cause of action is not necessary to provide an adequate remedy for violations of the statute. A cause of action should only be implied in a statute "in cases where the statute would be ineffective, as a practical matter, unless such an action were

implied." *Fisher*, 188 Ill. 2d at 464, 722 N.E.2d at 1119-20. The Reporting Act provides criminal sanctions for failure to report. Individuals who fail to fulfill an obligation to report are guilty of a Class A misdemeanor. 325 ILCS 5/4.02 (West 2002). The plaintiffs have not explained why this sanction is insufficient to assure compliance with the provisions of the statute.

■ In summary, although the plaintiffs are members of the class of individuals who are to be protected by the Reporting Act, and even though the harm suffered by the children was of the type the statute was designed to prevent, the plaintiffs have not shown that a private cause of action may be implied in the statute. There is no evidence that the statute was designed to provide monetary remedies for victims of abuse or to impose civil liability on those who fail to report. Furthermore, there is nothing to show that the statute suffers from inadequate enforcement absent a private remedy. We do not find, therefore, that a private cause of action can be maintained under the statute.

## B. *Failure to State a Claim*

Even assuming an implied private cause of action, the plaintiffs have failed to state a claim under the Act. The Act requires that subject individuals who have "reasonable cause to believe a child known to them in their professional or official capacity may be an abused child or a neglected child shall immediately report or cause a report to be made to the [DCFS]." 325 ILCS 5/4 (West 2002). An abused child is defined by the Act as a:

> "child whose parent or immediate family member, or any person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parent:

> * * *

> (c) commits or allows to be committed any sex offense against such child, as such sex offenses are defined in the Criminal Code of 1961, as amended, and extending those definitions of sex offenses to include children under 18 years of age[.]" 325 ILCS 5/3 (West 2002).

Initially, we note that the children in this case do not fall within the statutory definition of "abused children." There is no allegation that a parent or anyone else responsible for the children's welfare allowed the abuse to occur. This alone renders the Act inapplicable.

The defendant also argues that it did not know the children in a "professional or official capacity" and therefore it is not required to report abuse. The current statute does not define the phrase, but a prior version of the statute provides guidance. Effective July 1, 1980,

the phrase "known to them in their professional or official capacity" replaced the phrase "with whom they have direct contact" in the statute. Pub. Act 81—1077, eff. July 1, 1980; Ill. Rev. Stat. 1979, ch. 23, par. 2054. The historical and statutory notes are silent on the motivation for the change, but at the very least it can be said that the defendant here would have had no duty to report under the statute prior to the amendment. The change can be read in one of two ways: one that limits the scope of the Act and one that expands it.

The expanding interpretation would hold that the statute no longer requires "direct contact" between those required to report and a child who is subject to abuse or neglect. Under this interpretation, the defendants may have had a duty to report in this case, depending on the level of contact that is ultimately found to be necessary. For example, if a therapist sees a parent as a patient and the parent admits to sexual abuse, does the therapist have a duty to report? Is the child known to the therapist in a professional or official capacity? Since the therapist would have found out about the abuse through her official capacity in treating the parent, the answer is most likely yes. In a similar vein, the therapists in this case came to know of the abuse in their official capacity. Therefore it would be reasonable to find that they had a duty to report the abuse.

The limiting interpretation would find that "direct contact" is still required, but that the contact must arise in the context of the defendant's professional or official capacity. Those subject to the Act would have no duty to report abuse of children with whom they have had no direct contact or children with whom they have had contact in a nonprofessional setting. The amendment would place those subject to the Act on par, in a nonprofessional setting, with all other individuals, who "may make a report" if they have direct contact with an abused child. 325 ILCS 5/4 (West 2002). The individuals subject to the Act, due to the fields in which they work, are in a position to learn of child abuse and should be required to report it when it is discovered in the scope of employment. It does not follow, however, that they should be subject to a higher standard than the rest of the population when not acting in a professional capacity. Under this interpretation, the defendants would have no duty to report, since they did not have direct contact with the abused children.

Although both interpretations appear reasonable, there is no indication that the legislature intended to expand the duty imposed by the Act significantly beyond that imposed by the prior version. Therefore, the limiting interpretation is, we believe, the correct one. Under that interpretation, the defendants have no duty under the circumstances in this case.

## II. Common Law Negligence

■ The plaintiffs also argue that the court improperly dismissed their common law negligence claim against the Clinic. They assert that the Clinic had a duty to warn that the victims were at risk of sexual abuse by David H. Since the children already knew that they were being actively abused, we assume for this analysis plaintiffs are asserting a duty to warn or advise the parents.

To sustain a cause of action predicated on a therapist's alleged duty to warn third parties of the potential violent acts of a patient, the plaintiff must demonstrate the following: (1) the patient made specific threats of violence, (2) the threats of violence were directed against a specific and readily identifiable victim, and (3) there is a direct physician-patient relationship between the defendant and the victim or a special relationship between the patient and the victim. *Eckhardt v. Kirts*, 179 Ill. App. 3d 863, 872, 534 N.E.2d 1339, 1344 (1989), citing *Kirk v. Michael Reese Hospital*, 171 Ill. 2d 507, 531, 513 N.E.2d 387, 399 (1987).

The present case does not meet the *Eckhardt* standard. Although David made specific threats of violence, and the violence was directed against a readily identifiable set of victims, there was no direct physician-patient relationship between the Clinic and the victims, nor was there a special relationship between David and the victims. Under the *Eckhardt* analysis, the Clinic owed no common law duty to the victims in this case.

## CONCLUSION

The plaintiffs have not alleged a cause of action either under the Reporting Act or for common law negligence. The Reporting Act does not provide a private cause of action. However, even if it did, the defendants, by the plain text of the Act, did not commit a violation. Also, the plaintiffs cannot show a claim for common law negligence because of the absence of a special relationship between David and the victims or a patient-physician relationship between the victims and the Clinic. The order of the circuit court of La Salle County is affirmed.

Affirmed.

SLATER, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, specially concurring:

I concur in the majority's opinion but write separately to clarify my view regarding the plaintiffs' common law claim. In *Novak v. Rath-*

*nam*, 153 Ill. App. 3d 408, 411 (1987), this court expressed its belief "that Illinois would adopt Tarasoff's affirmative duty on therapists to warn foreseeable third parties" (referring to the landmark case of *Tarasoff v. Regents of the University of California*, 17 Cal. 3d 425, 551 P.2d 334 (1976)). I agree with the standard articulated in *Tarasoff* (which would warrant a reversal in the instant case); however, the Illinois Supreme Court has declined to adopt it:

"We consider that the preferable view, and the one consistent with this court's holdings and with legislation based on social and public policy, is that a plaintiff cannot maintain a medical malpractice action absent a direct physician-patient relationship between the doctor and plaintiff or a special relationship *** between the patient and the plaintiff." *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 531 (1987).

As the majority has observed, these requirements are not met under the instant facts. An example of the requisite "special relationship" is found in *Renslow v. Mennonite Hospital*, 67 Ill. 2d 348 (1977), where a duty was owed to an unborn child who allegedly suffered injuries from negligent treatment of the child's mother. Unlike a child and its mother, the instant plaintiffs are not "intimately related" to the patient (David H.). See *Kirk*, 117 Ill. 2d at 528.

Since we are bound by precedent from our supreme court, I concur in the majority's decision to affirm the trial court's judgment.