**John Doe 203 v. Archdiocese of Philadelphia**

*Daniel F. Monahan*, for plaintiff
*Allison Khaskelis, Thomas A. Bergstrom* and *H. Marc Tepper*, for defendant Msgr William Lynn

*Frank R. Emmerich Jr., Nicholas M. Centrella* and *Timothy M. Stengel,* for defendants Resurrection of Our Lord School, Archb. Charles J. Chaput and Archdiocese of Philadelphia

*Andrea Toy Ohta, Richard J. Zack, Christen M. Tuttle, Derek E. Hines* and *Maria Feeley,* for defendant Cardinal Justin Rigali

MASSIAH-JACKSON, *J.,* June 13, 2013—In 2012, ten individuals filed nine lawsuits seeking money damages for injuries sustained as a result of sexual abuse they suffered while they were minors. In each case the Archdiocese of Philadelphia has been named as a defendant. Other named defendants include certain schools, parishes and priests as specified by each plaintiff.

The defendants filed preliminary objections to all complaints pursuant to Rule 1028(a)(2) and Rule 1028(a)(4) of the Rules of Civil Procedure. The purpose of this memorandum is to address the common issues raised by the parties. For the reasons which follow orders will be filed in each case which sustain in part and overrule in part the preliminary objections.

### A. The Preliminary Objections to Strike Certain Allegations per Rule 1028(a)(2) are Overruled in Part and Sustained in Part.

Rule 1028(a)(2) provides that a court may sustain preliminary objections in the form of a motion to strike for the "inclusion of scandalous or impertinent matter." Allegations are considered scandalous and impertinent if they are immaterial and inappropriate to the proof of

the cause of action or bears negatively on the character of the defendant. *Common Cause/Pa. v. Commonwealth*, 710 A.2d 108, 115 (Pa. Commonwealth Ct. 1998); *Dept. of Environmental Resources v. Peggs Run Coal Co.*, 423 A.2d 765 (Pa. Commonwealth Ct. 1980).

In this case, the plaintiff has relied on numerous references to the 2005 and 2011 Philadelphia Grand Jury Reports, the Victim's Assistance Coordinator and the victim's assistance program. In many paragraphs of the complaint, the plaintiff is pleading evidence and not the facts upon which the specific complaint is based. Such a pleading is inappropriate. The plaintiff acknowledges at page 14:

> "Plaintiff's complaint cites the two grand jury reports for detailed allegations to support his causes of action, but only through discovery will the parties discover the true nature of the relationship between the defendants...."

A complaint must formulate the issues by only summarizing those facts essential to support the claim. Accordingly, where a complaint includes allegations and procedures in situations not specific to this plaintiff and/or cast a derogatory light on the defendants, those statements are inappropriate and have no place in a pleading.

At this juncture, the plaintiff's complaint will proceed on four counts: count I — childhood sexual abuse and vicarious liability, count II — negligence, count III — negligent supervision, and, count IV — fraudulent

concealment. To the extent that defendants have challenged counts I, II, III and/or IV, the law says that if there is any doubt the demurrer should be overruled. Generally a principal is liable to third parties for actions committed by an agent even though the principal asserts he did not know of such conduct. *See, Aiello v. Ed Saxe Real Estate, Inc.*, 499 A.2d 282 (Pa. 1985), where the Supreme Court reaffirmed the public policy to protect an "innocent third party". 499 A.2d at 287:

> "Today we reaffirm the longstanding and widely held rule of law that a principal is liable to innocent third parties for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, although the principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them." (footnotes omitted)

*See also, Shaffer v. Smith*, 673 A.2d 872 (Pa. 1996), criminal conviction serves as a basis for collateral estoppel in a civil trial; *W.C. Hurtt v. Stirone*, 206 A.2d 624 (Pa. 1965), criminal conviction is exclusive evidence of certain facts; *Columbia Medical Group, Inc. v. Herring & Roll, P.C.*, 829 A.2d 1184 (Pa. Superior Ct. 2003), criminal conviction serves as collateral estoppel of certain facts. None of these factors above shift or negate the plaintiff's burden of proof to establish the causes of action entitling him to relief.

To state a cause of action for negligence, the plaintiff

must establish (1) a duty or obligation recognized by the law, (2) a breach or failure to conform to the standard of care required, (3) the causal connection between the breach and the resulting harm, and, (4) actual loss or damages. *Reardon v. Allegheny College*, 926 A.2d 477 (Pa. Superior Ct. 2007); *Johnson v. Walker*, 545 A.2d 947, 949 (Pa. Superior Ct. 1988). The appellate courts have recognized that a plaintiff may proceed against a defendant on theories of direct and vicarious liability. Certain paragraphs and sub-parts challenged by the individual and archdiocese defendants are necessary to the proofs for the causes of actions, thus the preliminary objections will be overruled.

In *Scampone v. Highland Park Care Center, LLC*, 57 A.3d 582 (Pa. 2012), the Supreme Court noted at 597:

"To prove negligence, a plaintiff may proceed against a defendant on theories of direct and vicarious liability, asserted either concomitantly or alternately. Liability for negligent injury is direct when the plaintiff seeks to hold the defendant responsible for harm the defendant caused by the breach of a duty owing directly to the plaintiff. By comparison, vicarious liability is a policy-based allocation of risk. *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178, 1181 (1992). 'Vicarious liability, sometimes referred to as imputed negligence, means in its simplest form that, by reason of some relation existing between A and B, the negligence of A is to be charged against B although B has played no part in it, has done nothing whatever to aid or encourage it, or indeed has done all that he possibly can to prevent

it.' *Id.* (quoting Prosser and Keeton on Torts § 69, at 499 (5th Ed. 1984)). Once the requisite relationship (*i.e.*, employment, agency) is demonstrated, 'the innocent victim has recourse against the principal,' even if 'the ultimately responsible agent is unavailable or lacks the ability to pay.' *Mamalis v. Atlas Van Lines, Inc.*, 522 Pa. 214, 560 A.2d 1380, 1383 (1989); *accord Crowell*, 613 A.2d at 1182 (vicarious liability is policy response to 'specific need' of how to fully compensate victim)."

Similarly, in *R.A. v. First Church of Christ*, 748 A.2d 692 (Pa. Superior Ct. 2000), the Superior Court held that Pennsylvania tort law imposes on an employer/master the duty to exercise reasonable care in selecting, supervising and controlling employees. Compare, Restatement (Second) of Agency §213 with Restatement (Second) of Torts §317. In the *R.A.* case, *supra* at 697, the court cited the Supreme Court and explained a plaintiff's burden of proof: it must be shown that the employer/master knew or, in the exercise of ordinary care, should have known of the necessity for exercising control of his employee. *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 422 (Pa. 1968).

The preliminary objections are overruled to the challenged paragraphs and sub-parts which are material to claims of negligence, vicarious liability, negligent supervision and sexual abuse of minors. This necessarily includes issues which may be raised about actual or constructive notice. *See, Heller v. Patwil Homes, Inc.*, 713 A.2d 105 (Pa. Superior Ct. 1998).

The preliminary objections are also overruled to the

extent this plaintiff has pled a cause of action in fraudulent concealment. For the doctrine of fraudulent concealment to be applicable, plaintiff must demonstrate that the defendant committed an affirmative independent act of concealment upon which the plaintiff justifiably relied. *Krapf v. St. Luke's Hospital*, 4. A.3d 642 (Pa. Superior Ct. 2010) and cases cited at 650:

> "The doctrine is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts. The doctrine does not require fraud in the strictest sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception. The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence. While it is for the court to determine whether an estoppel results from established facts, it is for the jury to say whether the remarks that are alleged to constitute the fraud or concealment were made."

*Fine v. Checchio*, 870 A.2d 850 (Pa. 2005); *Nesbitt v. Erie Coach Co.*, 204 A.2d 473 (Pa. 1964).

In the case at bar there is generally a two year statute of limitations, accordingly the challenged paragraphs and sub-parts can not be considered immaterial or inappropriate. *See also, Lange v. Burd*, 800 A.2d 336, 339 (Pa. Superior Ct. 2002).

Finally, the plaintiff appears to concede that he is attempting to meet his burden of proof in this civil litigation by relying on "the facts as discovered by the Philadelphia Grand Jurys [sic]...." Nonetheless, it will be up to the parties in this civil litigation to determine the facts discovered *herein* in order to go forward to trial. With this in mind, the preliminary objections to the introductory paragraphs of the complaint are sustained. These are details of investigations, which whether admitted or denied are so broad that they are presented to prejudice the defendants. These paragraphs are not "mere surplusage," rather they are the proper subject of Rule 1028(a)(2) and shall be stricken.

Finally, if plaintiff alleges he or his family reported or consulted with the victim assistance program or a victim assistance coordinator, then the paragraphs relating that topic are overruled. If plaintiff did not assert such a report or consultation, those preliminary objections are sustained. Compare, Doe 203 — Paragraphs 56, 60, 61, 62 with Dale — Paragraphs 75, 77. This complaint is not a class action, rather, this represents a single plaintiff bringing suit on his own behalf. Accordingly, the proofs necessary to meet the burden are personal to this single individual.

### B. The Preliminary Objections in the Nature of a Demurrer to Dismiss Count V are Sustained with Prejudice.

The defendants have filed preliminary objections pursuant to Rule 1028(a)(4) asserting the legal insufficiency of count V — civil conspiracy to endanger children. In

the absence of a civil cause of action to endanger the welfare of children, there can be no cause of action for civil conspiracy to endanger the welfare of children. This preliminary objection is sustained and count V is dismissed with prejudice.

A preliminary objection in the nature of the demurrer admits the well pleaded facts and the inferences reasonably deducible, but not the conclusions of law. The question presented is whether the law says with certainty that no recovery is possible. If there is any doubt, the doubt should be resolved by overruling the demurrer. *McKeenan v. Corestates Bank, N.A.*, 751 A.2d 655 (Pa. Superior Ct. 2000); *Rutherfoord v. Presbyterian University Hospital*, 612 A.2d 500 (Pa. Superior Ct. 1992).

The plaintiff claims that Pennsylvania's criminal statute, 18 Pa. C.S.A. §4304, implies a private cause of action "for endangering the welfare of children by a child whose welfare was endangered." memorandum at page 10. The statute is set for as follows:

18 Pa.C.S. § 4304 (2012)

§ 4304. Endangering welfare of children

*(a) Offense defined.*

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

(2) A person commits an offense if the person, in an official capacity, prevents or interferes with the making of a report of suspected child abuse under 23 Pa.C.S. Ch. 63 (relating to child protective services).

(3) As used in this subsection, the term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training or control of a child.

*(b) Grading.* —An offense under this section constitutes a misdemeanor of the first degree. However, where there is a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree.

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973. Amended 1988, Dec. 19, P.L. 1275, No. 158, § 1, effective in 60 days; 1995, July 6, P.L. 251, No. 31, § 1, effective in 60 days; 2006, Nov. 29, P.L. 1581, No. 179, § 1, effective in 60 days [Jan. 29, 2007].

The Official Comment in 1972 stated:

"OFFFICIAL COMMENT — 1972

This section is derived from *Section 230.4 of the Model Penal Code.*

There is no similar provision in existing law. Section 727 of The Penal Code of 1939 (18 P.S. § 4727) covers neglect to maintain a child or abandonment of a child by a parent or person having custody; Section 728 (18

P.S. § 4728) punishes cruelty to minors. Section 726 (18 P.S. § 4726) punishes the abandonment by a parent of a child under seven (7) years of age; Section 641 (18 P.S. § 4641) makes it a crime for a person having custody of a child to employ such child for certain purposes; etc.

This section consolidates and simplifies the various provisions concerning crimes endangering the welfare of children. The offense involves the endangering of the physical or moral welfare of a child by an act or omission in violation of legal duty even though such legal duty does not itself carry a criminal sanction."

The parties have relied on *Alfred M. Lutheran Distributors, Inc. v. A.P. Weilersvacher, Inc.*, 650 A.2d 83 (Pa. Superior Ct. 1994) in support of their positions. The Superior Court provided the roadmap for our analysis where, as here, a statute does not expressly grant or deny a private cause of action. The court quoted *Cort v. Ash*, 422 U.S. 66 (1975), and held at 650 A.2d 87:

"In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose *especial* benefit the statute was enacted, that is, does the statute create a...right in favor of the plaintiff? Second, is there an indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?"

The Superior Court was very clear that, "the central focus remains whether the legislature intended to create, either expressly or by implication, a private cause of action."

On December 6, 1972, the Governor of Pennsylvania approved the revisions to the Criminal Code after comprehensive evaluation in both Houses of the state Legislature. State Senator Louis Hill (later a judge of the Philadelphia Court of Common Pleas) was chair of the judiciary committee and provided an overview of the purpose of the new Crimes Code (Senate Bill 455). *See,* legislative journal of the senate, page 1633 (September 12, 1972). He explained to his colleagues the origins of criminal law in Pennsylvania in the form of common law, and then the early attempts to codify our criminal laws in 1860 and 1939. The Pennsylvania Legislature adopted the Model Penal Code, in part, in 1967. According to senator hill, the goal of Senate Bill 455 was to "classify the crimes", to "even out the disparity of many different offenses", and, "close up a lot of loopholes." The 1972 Crimes Code is a "tougher law", "tougher on the criminal" and "not a soft-on-the criminal bill."

The 1972 discussions by the General Assembly reflected their focus on criminal conduct and punishment. Senator Hill also commented that "the Pennsylvania Supreme Court is not taking a position on this because they feel it is a legislative matter."

In 1988, Senate Bill 245 was addressed by the house of representatives. 18 Pa. C.S.A. §4304 was amended to increase the grading of the offense from a misdemeanor

of the second degree to first degree. Legislative Journal of the House, page 1822-1823 (November 16, 1988). Representative Fox spoke of the reasons for increased penalties:

> "This amendment, Mr. Speaker, would in fact raise the penalty for simple assault on a child under 12 years of age by an adult over 21 to a misdemeanor of the first degree. It is currently a misdemeanor of the second degree. With all the cases we hear about across the state dealing with child abuse and children who are defenseless, this kind of grading of the offense to the proper misdemeanor of the first degree we feel would be in the best interest of the children. It has the support of police departments in my area and those who deal with children in the children and youth services.

> I would ask for an affirmative vote."

The House of Representatives again considered 18 Pa. C.S.A. §4304, in their 2005-2006 Session. They approved a Senate Bill 1054 amendment to the statute which made it gender neutral. Legislative Journal of the House at 2474 (November 15, 2006).

While these legislative citations are not meant to be exhaustive, it is apparent that during the past 40 years, the General Assembly has had numerous opportunities to consider 18 Pa. C.S.A. §4304. This court concludes that the General Assembly of Pennsylvania has not given any indication of legislative intent to create a private cause of action.

Next, the plaintiff argues that he is within a class for whose especial benefit the statute was enacted. This court does not agree. The statute does not create or confer a right on those who claim they have been abused. Rather, like all criminal statutes, it is intended to protect the public in general from behavior which society finds abhorrent. When a statute is intended for the safety and welfare of the general public (by getting predators "off the streets"), that does not create a private cause of action. Restatement (Second) of Torts §288. Section 4304 is penal in nature and punishes those who engage in that predatory behavior. As the court noted in *D'Errico v. DeFazio*, 763 A.2d 424 at 430 (Pa. Superior Ct. 2000), to find that this statute was enacted for plaintiff's especial benefit, would be to imply a private right of action in all criminal statutes and for all victims of crime. *See also, Cort v. Ash*, 422 U.S. 66 (1975), holding that while provisions for a criminal penalty do not necessarily preclude a private cause of action for damages, there must be "at least" a statutory basis to infer "that a civil cause of action of some sort lay in favor of someone." 422 U.S. at 79-80. The Supreme Court stated that the analysis shall include a review of the legislative history and the underlying purpose of the legislative scheme.

Thus, as noted in *Alfred M. Lutheran Distributors, Inc. v. A.P. Weilersvacher, Inc., supra*, 650 A.2d at 90, we must "ascertain whether it is consistent with the underlying purpose of the legislative scheme to imply a private remedy in favor of [plaintiff]." As previously discussed, the stated purpose of the general assembly revisions to the

crimes code was to update the model penal code. Senator Hill said that "controversial" statutes of the model penal code were not included in the 1972 updates. He said his committee believed "that the controversial ones would be addressed separately so as not to bog down the bill....". Controversial statutes included the death penalty, abortion, the McNaughton Rule and others. Most pertinent to the issue here was Senator Hill's assessment that "offenses which are not really penal" were *not* included in the 200 page Crimes Code — such as traffic offenses and hunting and fishing laws. Separate legislation was passed relating to drug abuse. *See*, Legislative Journal of the Senate, page 1633 (September 12, 1972). It is reasonable to conclude that if the General Assembly believed that §4304 was "not really penal" the statute could have been and would have been handled differently.

This plaintiff has not shown that a private cause of action may be implied in the statute. There is no evidence that the statute was designed or intended to provide monetary remedies for victims of abuse. This court is unable to find anything in the legislative purpose of the 1972 Crimes Code, including 18 Pa. C.S.A. §4304, endangering the welfare of children, to imply a private remedy for civil damages.

The plaintiff also suggests that child endangerment or child abuse should be treated differently than other societal ills. The plaintiff has not referred this court to any other jurisdiction which expressly or implicitly provides for a private cause of action. Without clear legislative direction

such a decision would be tantamount to judicial policy-making. A sample of other jurisdictions is not inconsistent: *Mark G. v. Sabol*, 93 N.Y.2d 710, 717 N.E.2d 1067 (1999), when children who were aggrieved by the New York state foster care system sued child welfare officials for money damages, the court of appeals of New York held that an implied private right to sue would not be consistent with the legislative scheme of the child welfare reform act; *Uhr v. East Greenbush Central School District*, 94 N.Y.2d 32, 720 N.E.2d 886 (1999), statutory requirement that schools conduct periodic scoliosis screening was not enforceable by private action based on a claim for common law negligence; *Doe v. North Central Behavioral Health Systems, Inc.*, 352 Ill.App.3d 284, 816 N.E.2d 4 (2004), parents of sexually abused children brought an action against a clinic that treated an abuser and then allegedly failed to report abuse, the appellate court affirmed the trial court's holding that there was no private right of action and no common law negligence action; in *Varela v. St. Elizabeth's Hospital of Chicago*, 372 Ill.App.3d 714, 867 N.E.2d 1 (2006), summary judgment was affirmed when a minor and his mother alleged a breach of common law duty when medical professionals violated abused and neglected child reporting act; in *S.M. Fischer v. G.W. Metcalf, M.D.*, 14 Fla.L. Weekly 994, 543 So.2d 785 (1989), the court relied on *Cort v. Ash*, 422 U.S. 66 (1975) to conclude that a child had no civil cause of action based on a criminal statute requiring mental health professional to report child abuse; *Freehauf v. School Board of Seminole County*, 18 Fla.L. Weekly D1720, 623 So.2d 761 (1993), no private

cause of action for failure to report child abuse without clear legislative direction to do so.

After considering the factors set forth by the United States Supreme Court and by Pennsylvania appellate courts, and in the absence of any indication by the Pennsylvania Legislature, expressed or implied, that this criminal statute provides for private civil action, count V is stricken from the complaint. The demurrer is sustained.

Defendants' preliminary objections to claims of civil conspiracy based on negligence or purported violation of the criminal statute are sustained. Plaintiff has failed to state a viable cause of action. There can be no civil conspiracy when there is no underlying civil cause of action. E.g. *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585 (Pa. Superior Ct. 2004); *Morley v. Gory*, 814 A.2d 762 (Pa. Superior Ct. 2002); *McKeenan v. Corestates Bank, N.A.*, 751 A.2d 655 (Pa. Superior Ct. 2000); *Pelagatti v. Cohen*, 370 A.2d 422 (Pa. Superior Ct. 1987).

## C. Conclusion

For all the reasons set forth above the defendants' preliminary objections are sustained in part and overruled in part. All parties should go forward with discovery and prepare for trial.

And now, this 13 day of June, 2013, upon consideration of the preliminary objections filed by defendants, and any responses thereto, and for the reasons set forth in the memorandum filed this date, it is hereby ordered that the preliminary objections are sustained in part and overruled

in part:

a. Preliminary objections to paragraphs 7 through 23, 53, 55-56, 60-62, 120 are sustained and stricken;

b. Preliminary objections to paragraphs 40, 41(h), (n), (o), (k), 46, 49, 50 are overruled; and,

c. Count V of the complaint is dismissed with prejudice.

The defendants shall file an answer to the complaint within twenty (20) days after this order is docketed.