Docket No. 96574–Agenda 21–September 2004.

JOHN DOE, a Minor, by his Legal Guardian, D. Jean Ortega-Piron, Guardianship Adm’r of the Illinois Department of Children and Family Services, Appellee, v. THE CHICAGO BOARD OF EDUCATION 
 et al
. (The Chicago Board of Education, Appellant).

Opinion filed November 18, 2004.

JUSTICE KILBRIDE delivered the opinion of the court:

In this case we must decide whether section 4–102 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/4–102 (West 2000)), extending immunity to a local government entity providing a police protection service, applies in the case of a school board furnishing an attendant on a bus transporting disabled students. We hold that it does not.

The guardian of a disabled minor sought damages in tort against the Chicago Board of Education (Board) and Laidlaw Transit, Inc., a chartered bus company, for injuries the ward sustained as the result of an assault by a mentally impaired fellow passenger while riding to school on an unsupervised bus. The trial court allowed the Board’s motion to dismiss pursuant to section 2–619 of the Code of Civil Procedure (Code) (735 ILCS 5/2–619 (West 2000)), finding that the Board was immune from liability under section 4–102 of the Act. The trial court also allowed the Board’s motion to dismiss pursuant to section 2–615 of the Code (735 ILCS 5/2–615 (West 2000)), finding that the complaint did not plead facts justifying its allegation of willful and wanton conduct. Plaintiff appealed both findings pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

The appellate court reversed, holding that willful and wanton conduct was adequately pleaded and that the Board was not immune under section 4–102 of the Act. 339 Ill. App. 3d 848. We granted the Board’s petition for leave to appeal. 177 Ill. 2d R. 315(a). We also granted leave to the City of Chicago, the Illinois Municipal League, the Illinois Association of School Boards, and the Illinois Association of School Administrators to file 
amicus curiae 
briefs. 155 Ill. 2d R. 345. We now affirm the appellate court.

BACKGROUND 

The complaint alleged that plaintiff’s ward, a mentally impaired special education student at a school for maladjusted boys, was sexually assaulted by another male student passenger on the bus taking them to school. An attendant was employed by the Board to supervise the children on the bus ride to and from school. On the day of the assault, the attendant had called in sick and was not present on the bus. Thus, the complaint alleges, the Board knew or should have known that no attendant was present.

The assailant had a deviant sexual history, had been declared a sexually aggressive child and youth ward (SACY), and was under a “Protective Plan” requiring that he never be left unsupervised among other children. Hence, the complaint alleges that the Board knew or should have known that supervision of the children on the bus was required at all times. According to the complaint, the knowing failure to provide an attendant under these circumstances was willful and wanton conduct proximately resulting in injury to plaintiff’s ward.

In its section 2–619 motion, the Board claimed immunity from liability because the conduct described in the complaint is the failure to prevent the commission of a crime and, accordingly, is within the police protection services immunity conferred by section 4–102 of the Act. In its section 2–615 motion, the Board also claimed that the allegations in the complaint are conclusory and inadequate to sustain the charge of willful and wanton conduct. The trial court allowed both motions and dismissed the complaint against the Board with prejudice. The court then entered Rule 304(a) findings, and plaintiff appealed. The action against the bus company remains pending in the trial court.

The appellate court reversed, holding section 4–102 of the Act inapplicable. 339 Ill. App. 3d at 856. The court distinguished its holding in 
A.R. v. Chicago Board of Education
, 311 Ill. App. 3d 29 (1999), where section 4–102 immunity was applied to defeat a plaintiff’s complaint under similar circumstances. The court noted that the Code requires liberal construction of pleadings “with a view to doing substantial justice between the parties.” 735 ILCS 5/2–603 (West 2000). Although the complaint does contain allegations that the Board failed to prevent a sexual assault, it also contains allegations implicating willful and wanton conduct based on allowing the bus to operate without supervision, knowing that the perpetrator was not to be left unsupervised among other children. 339 Ill. App. 3d at 856.

The court then held that section 3–108 of the Act (745 ILCS 10/3–108 (West 2000)), extending immunity for failure to supervise an activity on public property, except in cases involving willful and wanton conduct, controlled the situation described in plaintiff’s complaint. The court, relying on 
Doe v. Dimovski
, 336 Ill. App. 3d 292 (2003), found that plaintiff’s complaint adequately alleged willful and wanton conduct, and reversed and remanded the case to the trial court. 339 Ill. App. 3d at 858. We granted the Board’s petition for leave to appeal. (177 Ill. 2d R. 315(a)).

ANALYSIS

In ruling on motions to dismiss pursuant to either section 2–615 or 2–619 of the Code, the trial court must interpret all pleadings in the light most favorable to the nonmoving party. On appeal, our review is 
de novo. In re Chicago Flood Litigation
, 176 Ill. 2d 179, 189 (1997).

The Board submits that all of the allegations charging willful and wanton conduct in plaintiff’s complaint describe different ways the Board could have, or should have, prevented a sexual assault. Hence, it argues that section 4–102 of the Act is clearly implicated. Nearly identical allegations were made by the plaintiff in 
A.R. v. Chicago Board of Education
, 311 Ill. App. 3d 29 (1999). The court in that case held that section 4–102 of the Act applied and, the Board contends, the same result should follow in this case. Conversely, plaintiff contends that immunity does not apply because the Board was not providing police protection services in furnishing a bus attendant.

To resolve the central issue presented by this case, we must construe section 4–102. In cases of statutory construction, our primary goal is to determine the intent of the legislature. If we can discern the legislative intent from the plain language of the statute without resorting to other interpretive aids, we will do so, and we will not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. 
Barnett v. Zion Park District
, 171 Ill. 2d 378, 388-89 (1996).

Section 4–102 of the Act provides in relevant part:

“Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, 
if police protection service is provided
, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals.” (Emphasis added.) 745 ILCS 10/4–102 (West 2000).

The Board asserts that the crux of plaintiff’s action is the Board’s alleged failure to prevent a criminal assault and that section 4–102 plainly covers liability arising from the failure to prevent crime. The Board also suggests that the appellate court’s invocation of the liberal construction rule is disingenuous, as it promotes the interests of the plaintiff over the Board’s interest in asserting a statutory immunity.

Nonetheless, the plain language of section 4–102 provides that immunity for failure to prevent a crime attaches “
if police protection service is provided
.” (Emphasis added.) Therefore, section 4–102 immunity attaches only if providing a bus attendant constitutes providing police protection service. We agree with plaintiff that the Board recognized when it furnished an attendant that the safe transportation of the students by bus required the presence of someone to monitor the conduct of the students, rather than a police officer or someone standing in the place of a police officer to enforce the law. This is analogous to a classroom situation where a teacher fails to supervise students adequately, resulting in a student being injured. Our appellate court has allowed recovery in such cases. See, 
e.g.
, 
Gammon v. Edwardsville Community Unit School District No. 7
, 82 Ill. App. 3d 586 (1980); 
Jackson v. Chicago Board of Education
, 192 Ill. App. 3d 1093 (1989); 
Clay v. Chicago Board of Education
, 22 Ill. App. 3d 437 (1974). In none of those cases, however, was section 4–102 immunity asserted as a defense.

In opposition, the Board notes that the appellate court has held the police protection services immunity applicable in a variety of circumstances not directly involving police personnel, citing 
Lawson v. City of Chicago
, 278 Ill. App. 3d 628 (1996) (board’s failure to use a school’s metal detectors daily); 
Hernandez v. Kirksey
, 306 Ill. App. 3d 912 (1999) (city-employed school crossing guard instructed a child to cross the street into the path of oncoming traffic); 
Goebig v. City of Chicago
, 188 Ill. App. 3d 614 (1989) (city-employed school crossing guard absent from usual post, thus permitting student to cross unguarded intersection); 
Cadena v. Chicago Fireworks Manufacturing Co.
, 297 Ill. App. 3d 945 (1998) (city personnel improperly directing spectators at a fireworks display to stand in harm’s way); and 
Burley v. On The Waterfront, Inc.
, 228 Ill. App. 3d 412 (1992) (city failed to provide adequate lighting and security at a public festival). While these cases did not involve services performed by police personnel, they all relate to functions traditionally performed by police, such as weapons detection, traffic control, and crowd security and control.

Most recently, the appellate court applied section 4–102 immunity when a Board-employed bus attendant failed to prevent or intercede in a student-on-student sexual assault on a bus. 
A.R. v. Chicago Board of Education
, 311 Ill. App. 3d 29 (1999). Like the case before us, the complaint in 
A.R. 
claimed that the Board failed to provide adequate supervision on the bus and failed to protect passengers from each other or from danger. The 
A.R. 
court held that under the plain language of section 4–102, the Board was immunized from liability because it was apparent that “plaintiffs sought to impose liability on defendant for failure to provide police services so as to prevent an assault upon A.R.” 
A.R.
, 311 Ill. App. 3d at 34. According to the Board, the holding in 
A.R. 
should control the result in the case at bar.

Factually, 
A.R. 
differs from the case before us principally because, in 
A.R.
, an attendant was present and failed to prevent or intercede in the assault. Here, the Board did not furnish an attendant on the day of the assault. That distinction alone is not dispositive since statutory immunity under section 4–102 would apply in either situation 
if 
police protection services were provided.

Legally, the 
A.R. 
court focused on the plaintiff’s argument that section 4–102 immunity applies only where a public entity is sworn and charged with the duty of law enforcement. The court rejected that argument and held that section 4–102 applies to all public entities as defined in the Act. 
A.R.
, 311 Ill. App. 3d at 33-34. The 
A.R. 
court did not consider the question of whether furnishing a bus attendant constituted providing police protection services. As that is the predicate for the attachment of immunity, we must focus on the purpose of providing the attendant, rather than the conduct causing the injury.

 According to the allegations in the complaint, as a part of the educational program, the Board transported students to and from school and it employed a bus attendant to supervise the children in accordance with its duty to protect plaintiff’s ward. Thus, the attendant functions like a teacher or a hall monitor whose very presence may prevent unsafe activity or untoward behavior. For instance, a teacher may intervene in a fight between students, but a teacher does not act as a police officer apprehending an offender. Rather, a teacher acts as a peacekeeper and a monitor of student behavior
. Further, there is no indication that the attendant was a sworn police officer or had any authority to restrain or arrest a passenger.

Therefore, for the reasons discussed, we believe that characterizing the bus attendant’s function as a “police protection service” would stretch the plain meaning of that language, and it would not be consonant with the intention of the legislature. Hence, we hold that under the allegations in plaintiff’s complaint, the Board was not providing a police protection service by furnishing a bus attendant. Accordingly, section 4–102 immunity does not apply. To the extent that the result we reach today is inconsistent with the holding in 
A.R. v. Chicago Board of Education
, that case is overruled.

While it found that section 4–102 did not apply, the appellate court held that section 3–108 of the Act (745 ILCS 10/3–108 (West 2000)) controls. 339 Ill. App. 3d at 856. That section provides immunity for injuries resulting from a failure to supervise an activity. Only willful and wanton conduct is not protected by the immunity conferred in section 3–108. To plead willful and wanton conduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff. 
Burke v. 12 Rothschild’s Liquor Mart, Inc.
, 148 Ill. 2d 429, 448 (1992).

Here, the court rejected the Board’s argument that the plaintiff failed to allege that the Board had knowledge of the special needs of the children on the bus, of the perpetrator’s sexually aggressive behavior, and of the need to have a bus attendant. The court also rejected the Board’s claim that the allegation of the Board’s awareness of the likelihood that male passengers were likely to attempt sexual assaults on other passengers is conclusory. The court reasoned that the allegation that the assailant had been declared a sexually aggressive child and was under a protective plan requiring that he never be left unsupervised among other children was clearly sufficient to establish that the Board should have known of the special needs of the children on the bus. 339 Ill. App. 3d at 857.

In reviewing the sufficiency of the allegations in a complaint, we accept as true all well-pleaded facts and all reasonably drawn inferences from those facts in favor of the plaintiff. 
Geise v. Phoenix Co. of Chicago, Inc.
, 159 Ill. 2d 507, 510 (1994). While the court must interpret the allegations in the light most favorable to plaintiff, the failure to plead facts “cannot be aided by any principle of liberal construction.” 
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 119 (1995).

The Board complains that the allegation that it was aware of the likelihood that male passengers would commit sexual assaults on others is unfounded speculation. According to the Board, plaintiff has not pleaded facts regarding any prior sexual assaults and has not stated a basis for charging the Board with knowledge of the assaults. The appellate court found 
Doe v. Dimovski
, 336 Ill. App. 3d 292 (2003), apposite. 339 Ill. App. 3d at 858. In that case, the complaint alleged that the school board had knowledge of a teacher’s prior instances of sexual abuse. That knowledge was held sufficient to make the likelihood of similar behavior with the student plaintiff reasonably foreseeable. 
Dimovski
, 336 Ill. App. 3d at 299.

The appellate court here held that the complaint in this case was similar to that in 
Dimovski
, and that the Board’s knowledge of the special needs of the plaintiff’s ward  and the dangerous propensities of the assailant were adequately pleaded. 339 Ill. App. 3d at 858. We agree with the appellate court. The complaint alleged the disabled status of the plaintiff’s ward, the fact of the assailant’s SACY status, and the requirements of his protective plan. These averments of fact are sufficient to present jury questions as to the knowledge of the Board and the foreseeability of harm to the plaintiff’s ward and, thus, the issue of willful and wanton conduct. We hold, therefore, that the trial court erred in granting the Board’s section 2–615 motion to dismiss the complaint.

CONCLUSION

Under the facts of this case, section 4–102 immunity does not apply because furnishing a bus attendant for the transportation of special needs students to and from school was not providing a police protection service. Plaintiff has adequately pleaded allegations of willful and wanton conduct by the Board in its knowing failure to provide a bus attendant when it should have known of the likelihood of harm to plaintiff’s ward. We therefore affirm the appellate court.

Appellate court judgment affirmed.