No. 2-19-0854
Order filed December 28, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08-CF-48 |
| JERMEL D. POPE, | ) ) | Honorable Robert P. Pilmer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court properly applied the limitations period in section 2-1401 of the Code of Civil Procedure and dismissed defendant's petition as untimely; specifically, the court did not err in (1) declining to recharacterize defendant's petition, which invoked section 2-1401, as a petition under the Post-Conviction Hearing Act; (2) finding that neither the circuit court, the State, nor defense counsel fraudulently concealed from defendant, prior to his guilty plea, that his conviction of pandering would require him to register as a sex offender; and (3) declining to apply common-law doctrines to hold that defendant's petition was timely.

¶ 2   Defendant, Jermal D. Pope, appeals the circuit court's judgment dismissing, as untimely, a petition that defendant initially designated as one brought under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)), but which he later sought to have the

circuit court consider as one brought under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). We hold that the court did not err in treating defendant's petition as one brought under the Code rather the Act and thus applying the two-year limitations period specified in section 2-1401(c) of the Code (735 ILCS 5/2-1401(c) (West 2018)). We further conclude that defendant has failed to establish that the grounds for his petition were fraudulently concealed so as to toll section 2-1401(c)'s limitations period or that his petition may be deemed timely by the application of common-law doctrines, namely the discovery rule, equitable tolling, and equitable estoppel. We thus affirm the court's dismissal of the petition as untimely under section 2-1401(c) of the Code.

¶ 3                                      I. BACKGROUND

¶ 4      A grand jury indicted defendant on two counts of pandering (720 ILCS 5/11-16(a)(1), (a)(2) (West 2008)): count I charged him with transporting a person for the purpose of prostitution and count II charged him with "arrang[ing] a situation" for a person to practice prostitution. On August 24, 2009, defendant entered a fully-negotiated plea of guilty to count II. On August 26, 2009, the court sentenced defendant to five years' imprisonment and one year of mandatory supervised release. The sentence would run concurrent to defendant's sentence in a parallel federal case. The court granted defendant 534 days' credit for time served. In the sentencing order, the court did not mark the box stating that defendant was required to register as a sex offender.

¶ 5      On July 27, 2015, defendant filed a motion to amend the sentencing order to reflect that he was granted no credit for time served; the amendment would qualify him to receive credit toward his federal sentence. On August 24, 2015, the court issued an amended sentencing order, which stated that it was *nunc pro tunc* to August 24, 2009. As in the original order, the box indicating that defendant was required to register as a sex offender was left unchecked.

¶ 6    On July 9, 2018, defendant filed a "Motion to Vacate Plea, Sentence and Convicition [*sic*]" (hereinafter referenced as a "petition") in which he invoked section 2-1401 of the Code and the fifth and sixth amendments to the United States Constitution (U.S. Const., amend. V, VI). He contended that, following his plea, he learned that his conviction for pandering made him eligible for mandatory registration as a sex offender. Defendant alleged that neither the court, the State, nor defense counsel ever told him, prior to his plea, that a conviction for pandering would require him to register as a sex offender. In support of this contention, defendant attached the *nunc pro tunc* sentencing order, with its unchecked box regarding sex-offender registration. Defendant noted that section 2-1401(c)'s two-year limitations period does not apply to petitions challenging void judgments and that the limitations period is tolled in cases of legal disability, duress, or fraudulent concealment. Defendant, however, did not state a basis for claiming that the limitations period in section 2-1401(c) was inapplicable to his challenge or was tolled.

¶ 7    The State moved to dismiss the petition under sections 2-619 and 2-615 of the Code (735 ILCS 5/2-615, 619 (West 2018)). The section 2-619 portion of the State's motion asserted that the petition was untimely in that it was filed beyond section 2-1401(c)'s two-year limitations period. The State further stated that defendant failed to allege anything that would avoid the effect of section 1401(c), such as facts indicating that the sentencing judgment was void or that the State had fraudulently concealed the grounds for relief. The motion also suggested that, because defendant's federal conviction also required lifetime sex-offender registration, any attempt by an Illinois court to grant him relief would be ineffectual.

¶ 8    Defendant filed a response asserting that, because no one had informed him of the registration requirement, and because that failure violated his due-process rights, the court should deem his petition timely. He argued that he had alleged that the judgment was void. He also

contended that the court, the State, and defense counsel were legally and morally bound to disclose the registration requirement; therefore, their failure to do so was fraudulent.

¶ 9    In a written order, the court denied the section 2-615 component of the State's motion. The court granted the section 2-619 component, citing subsections (a)(5) (timeliness) and (a)(9) ("other affirmative matter" barring the claim) of section 2-619 (735 ILCS 5/2-619(a)(5), (a)(9) (West 2018)). The court did not specify this "other affirmative matter."

¶ 10   Defendant moved for reconsideration, asserting that the court should have recognized that his petition raised claims under the Act and thus should have applied the three-year limitations period in section 122-1(c) of the Act (725 ILCS 5/122-1(c) (West 2018)). Defendant alternatively claimed that his petition was timely filed even if properly construed as a section 2-1401 petition. He asserted that the limitations period was tolled because the court, the State, and defense counsel fraudulently concealed the registration requirement. He also argued that his petition should be deemed timely under the discovery rule and the doctrines of equitable tolling and equitable estoppel.

¶ 11   Following a hearing, the court entered a written order denying the motion to reconsider. The court provided no reasons in its order, and the record contains no report of proceedings of the hearing. Defendant timely appealed.

¶ 12                                    II. ANALYSIS

¶ 13   In this appeal, defendant contends that it was error for the circuit court to grant the State's motion to dismiss. Defendant's *pro se* arguments are somewhat difficult to follow. We arrange his points in the following logical order for purposes of our discussion: (1) the circuit court should have construed defendant's petition as one brought under the Act; (2) the court should have deemed the limitations period under the Act to run from August 24, 2015, the date that the court

entered its modified sentencing order; (3) if defendant's petition was properly construed as a section 2-1401 petition, the court should have (a) deemed the limitations period of section 2-1401(c) tolled because of fraudulent concealment of the registration requirement or (b) applied the discovery rule, equitable tolling, or equitable estoppel to deem the petition timely filed. Notably, defendant does not reassert on appeal that the sentencing judgment is void.

¶ 14    A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts affirmative matter to avoid or defeat the claim. *Blevins v. Marcheschi*, 2018 IL App (2d) 170340, ¶ 18. One such ground is that "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2018)). The question we address when reviewing a dismissal under section 2-619 is "whether there is a genuine issue of material fact and whether defendant is entitled to judgment as a matter of law." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 494 (1994). When a circuit court decides a motion to dismiss under 2-619 of the Code, it must interpret all pleadings in the light most favorable to the nonmoving party. *Doe ex rel. Ortega-Piron v. Chicago Board of Education*, 213 Ill. 2d 19, 23-24 (2004). Appellate review of such a dismissal is *de novo*. *Ortega-Piron*, 213 Ill. 2d at 24.

¶ 15    We begin with defendant's contention that the circuit court should have construed his petition as one brought under the Act and therefore applied the limitations provision of section 1-122(c) of the Act. This contention faces at least two insurmountable obstacles. First, under section 1-122(d) of the Act (725 ILCS 5/122-1(d) (West 2018)), the circuit court is not required to examine whether a petition that does not specifically invoke the Act nonetheless states claims that are cognizable under the Act. Section 1-122(d) states:

"A person seeking relief by filing a petition under [the Act] must specify in the petition or its heading that it is filed under [the Act]. A trial court that has received a petition

complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under [the Act] need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under [the Act]." 725 ILCS 5/122-1(d) (West 2018).

Defendant's petition did not reference the Act. Defendant does not explain how, given the plain language of section 122-1(d), the circuit court could have erred in declining to characterize his petition as one brought under the Act.

¶ 16 Second, defendant utilized improper means for seeking recharacterization of his petition. " 'The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law.' " *People v. Rucker*, 2018 IL App (2d) 150855, ¶ 29 (quoting *General Motors Acceptance Corp. v. Stoval*, 374 Ill. App. 3d 1064, 1078 (2007)); see also *People v. Burnett*, 237 Ill. 2d 381, 387 (2010) (stating the same regarding the purpose of a motion to reconsider a sentence). It served none of these purposes for defendant to ask, for the first time in a motion to reconsider, that the circuit court recharacterize his petition as a section 122-1 petition. We conclude that the court did not err in declining to recharacterize the petition. Therefore, we need not address defendant's arguments that his petition was timely under section of 122-1(c) of the Act.

¶ 17 We turn to defendant's alternative argument that, if his petition was properly construed as a section 2-1401 petition, the circuit court erred in holding that the petition was untimely. With certain exceptions not pertinent here, a section 2-401 petition "must be filed not later than 2 years after the entry of the order or judgment," but the "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." 735 ILCS 5/2-1401(c) (West 2018). "Under the fraudulent

concealment exception to section 2-1401's two-year period of limitations, the defendant must allege facts demonstrating his opponent affirmatively attempted to prevent the discovery of the purported grounds for relief." *People v. McDonald*, 405 Ill. App. 3d 131, 138 (2010).

¶ 18    Defendant argues that, under the holdings in *Ostendorf v. International Harvester Co*., 89 Ill. 2d 273 (1989), and *Hassan v. Yusuf*, 408 Ill. App. 3d 327 (2011), he adequately alleged that the circuit court, the State, and defense counsel all fraudulently concealed the grounds for his section 2-1401 claim, thus tolling the two-year limitations period.  But defendant did not allege in his petition that any of these three deliberately withheld from him the fact that he would have to register as a sex offender.  Defendant appears to suggest that an allegation of deliberate concealment was unnecessary.  Rather, because the court, the State, and defense counsel each had a " special fiduciary relationship" with him, even their unintentional failures to disclose the registration requirement would have been tantamount to fraud.  Neither *Ostendorf* nor *Hassan* supports defendant's position.

¶ 19    In *Ostendorf*, a jury entered a verdict for the defendant International Harvester (IH) in a case based on the theory that a design defect in a tractor manufactured by IH resulted in an injury to one of the plaintiffs.  About three and a half years later, the plaintiffs filed a petition for relief from judgment under section 2-1401's statutory predecessor.  *Ostendorf*, 89 Ill. 2d at 278.  They alleged that, during the discovery process in original action, IH had fraudulently concealed evidence that would have changed the outcome of the case: it gave false or misleading answers to interrogatories as to whether it had any basis for concern about the design of the tractor's gas tank and wiring harness.  *Ostendorf*, 89 Ill. 2d at 278, 280-81.  The plaintiffs alleged that documents showing such concerns existed; indeed, IH had disclosed them to the plaintiffs in a different action. *Id.* at 281.  The *Ostendorf* court took those allegations as true—as is necessary on consideration

of a motion to dismiss—and concluded that it "must assume that [IH] *had knowledge of the existence of the reports* yet failed to produce them when requested." (Emphasis added.) *Ostendorf*, 89 Ill. 2d at 281-82. It held that "failure to comply with the obligation of full and truthful disclosure imposed on litigants by our discovery rules constitutes fraudulent concealment for purposes of tolling a statute of limitations." *Id.* at 282.

¶ 20 *Hassan* was not a section 2-1401 case but an original action for common-law fraud. Even if we found its discussion of common-law fraud applicable to a section 2-1401 proceeding, the case would not support defendant's position.

¶ 21 In *Hassan*, the plaintiff claimed that he had been defrauded in an arrangement to purchase a gas station: his would-be partners led him to believe that he was buying a part interest in the business and the real estate, but they gave him only a part interest in the business. *Hassan*, 408 Ill. App. 3d at 344-45. The *Hassan* court noted, "To prevail on an action for fraud, [a] plaintiff must [among other things] establish *** a false statement of material fact [and] *knowledge by* [*the*] *defendant that the statement is false*." (Emphasis added.) *Id.* at 343. However, it held that, even if the evidence did not establish that the defendant *affirmatively* misrepresented the nature of the transaction, defendant's silence on the matter was enough to establish fraud, because the evidence showed that the defendant was in a position to have had a specific duty to disclose the nature of the transaction. *Id.* at 345. As the court noted, " '[f]raud also may consist of the *intentional* omission or concealment of a material fact under circumstances creating an opportunity and duty to speak.' " (Emphasis added.) *Id*. at 345 (quoting *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1006 (2010)). Thus, this recognition of fraud by silence does not eliminate the need to show that the defendant deliberately withheld the information at issue.

¶ 22    In *Ostendorf*, the alleged fraudulent concealment was a *knowing* failure to comply with a duty to disclose information.  Likewise, the plaintiff in *Hassan* prevailed based on proof that the defendant knowingly withheld information about the transaction.  Here, defendant did not allege a knowing failure by either the circuit court, the State, or defense counsel to inform defendant of the registration requirement.

¶ 23    We last address defendant's reliance on the discovery rule and the doctrines of equitable tolling and equitable estoppel.  "The discovery rule postpones the start of the limitations period until a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused."  *Henderson Square Condominium Ass'n v. LAB Townhomes*, LLC, 2015 IL 118139, ¶ 52.  "The doctrine of equitable tolling permits a court to excuse a plaintiff's failure to comply with a statute of limitations where because of disability, irremediable lack of information, or other circumstances beyond his control, the plaintiff cannot reasonably be expected to file suit on time."  (Internal quotation marks omitted.)  *Tolbert v. Godinez*, 2020 IL App (4th) 180587, ¶ 24.  "To establish equitable estoppel, the party claiming estoppel must demonstrate [among other things] that *** the other party misrepresented or concealed material facts [and that] the other party knew at the time the representations were made that the representations were untrue."  *In re Parentage of Scarlett Z.-D.*, 2015 IL 117904, ¶ 25.

¶ 24    Defendant correctly recognizes that these principles have been applied in civil cases, but he cites no authority applying them to bar a timeliness challenge to a section 2-1401 petition.  As noted, section 2-1401 provides its own exceptions to its limitations provision.  Under section 2-1401(c), "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the [limitations] period of 2 years."  735 ILCS 5/2-1401(c) (West 2018).  We cannot depart from the plain language of a

statute by recognizing exceptions, limitations, or conditions not expressed by the legislature. *In re Michelle J.*, 209 Ill. 2d 428, 437 (2004). Thus, given that defendant has not provided specific authority showing that any of these doctrines should apply to his petition, we decline to apply them here.

¶ 25                                      III. CONCLUSION

¶ 26    For the reasons stated, we affirm the dismissal, pursuant to section 2-619 of the Code, of defendant's section 2-1401 petition.

¶ 27    Affirmed.